ELIZ. SLOAN ET AL. v. BALTIMORE ETC. R. CO.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF DELAWARE COUNTY.

Argued February 11, 1889—Decided January 6, 1890.

(a) On the trial of an issue to determine the compensation for injuries caused by the construction of a railroad through an eight acre tract, both parties introduced testimony as to the value of a distinct tract of sixteen acres, owned by the plaintiff, but admitted to be untouched and unaffected by the railroad:

1. Neither party excepting to the evidence, nor asking for instructions upon it, nor moving to strike it out, it was not error for the court to treat it as in the case, and instruct the jury as to the method of determining under it the compensation to which the landowner was entitled: Scott v. Sheakly, 3 W. 50.

Before PAXSON, C. J., STERRETT, WILLIAMS, MCCOLLUM and MITCHELL, JJ.

No. 129 January Term 1888, Sup. Ct.; court below, number and term not given.

On February 7, 1887, the report of a jury of view was filed, awarding $10,987.40, as compensation to be paid by the Balti-

more & Philadelphia Railroad Co. for injuries done to property owned by Elizabeth W. Sloan, Sarah A. Sloan and Caroline Weaver, in the construction of the company's railroad. Thereupon the company entered an appeal, which subsequently was put at issue in the form of a statement of claim and plea in trespass, in which the landowners were made plaintiffs, and the railroad company defendant.

At the trial on June 21, 1887, it was shown that the plaintiffs were the owners of two lots, one of eight acres, through which the railroad of the defendant company was constructed, and one of sixteen acres, separated from the other by a public road. It was admitted that the value of the sixteen acre lot was not affected by the construction of the railroad, but both parties introduced testimony as to its value, as well as to that of the eight acre lot and of the two together, and as to the manner in which the latter lot was affected. To the admission of this testimony, no exception was taken by either party, nor was there any motion to strike it out.

The court, CLAYTON, P. J., instructed the jury in part as follows :

You will, therefore, commence your deliberations by ascertaining from the evidence the market value of the plaintiff's eight acres of ground, as unaffected by the location and construction of the proposed road, previous to December 4, and on that day, 1884. You may fix the value of this land, from the evidence, at whatever sum you think the land was worth. It is not for the court to intimate what your calculations would be upon the question of value. The entire property, the sixteen and eight—twenty-four acres, according to the evidence, would seem to be worth anywhere from $18,000 to $30,000. I believe the lowest estimate fixes it at about $18,000; the highest, at about $30,000. The consideration paid by these plaintiffs appears to have been $27,000. You may consider all the evidence and find whether it was worth more or less than these two sums on that day, or previous to that day, immediately preceding that day, December 4, 1884. . . . . .

I may say to you that the question is, what was the eight acres worth on December 4, 1884, and what was it worth after December the 4th, after the road was constructed? Of course,

Charge of Court below.

if you should allow the interest upon the sum, you have in the aggregate, as a rule, what would cover all loss from the want of occupancy of the property; but as bearing upon the $10,000, that may be considered by you. The plaintiffs' counsel argues that while that may be the present price, yet they have lost the income for two years and six months, and so from that $10,000 you should take the loss of the income for the two years and six months. If you find, therefore, that $10,000 is the value of the eight acres, this will leave $14,000 remaining. Then there is sixteen acres, which it is admitted is not injured by this railroad; that, according to the testimony, was worth from $4,000 to $6,000. Whatever sum you should fix that to be, should be allowed for the defendant. The testimony is, that it was worth from $400 to $600 an acre. Whatever sum you fix that at, you will take that much from your calculation of damages. If you find that to be valued at $500 an acre, then that would be $8,000 for the whole sixteen acres, and deducting that from the $14,000 you have $6,000. If you strike an average from the plaintiffs' testimony, and take the highest price given by the defendant's testimony, this will make $6,000 with interest from December 4, 1884.

Now, gentlemen, do not understand the court as intimating that you ought to strike this average on the one side, and to take the testimony of Mr. Smith on the other. It will be entirely for you to say, under all the evidence, what the property is worth; and I merely make the above statement of figures as a formula by which you can arrive at a verdict. You may give more, or you may give less; but you should adopt some formula of that kind in arriving at your estimate.

[To illustrate: Suppose you take the highest price proved by the plaintiffs, which is $30,000 for the twenty-four acres. That is the highest estimate of the plaintiffs. Now, from this you should deduct the price of the sixteen acres, which may range from $8,000 to $12,000. This would leave $18,000 or $19,000, as the true value of the remaining eight acres. Then if you should take the price of the remaining eight acres, as before stated by Captain Smith, who says he is willing to pay $10,000 for it, and he brings the money into court and tenders it; if you find that that is the value, it will make the damages amount to $8,000 or $9,000, with interest from December 4, 1884. Now,

Opinion of the Court.

suppose you were to take $27,000 as the price for the property. That is the consideration named in the deed. Then, striking off the value of the sixteen acres, $500 an acre, which would be $8,000, that would leave as the value of the eight acres before the railroad came there, $19,000. Deduct from this the present value at $10,000, and you have $9,000 as the damages; that is, if you find that that is its present value. You will still have in that case $9,000 as the damage, if you should take that view of it. This you will add with the interest from December 4th, and it will swell the damage from $10,000 to $10,300; that is, understand me, gentlemen, if you take the $10,000 as the valuation.] [1] . . . . .

The jury returned a verdict in favor of the plaintiffs for $9,224. Judgment having been entered on the verdict, the defendant took this appeal, specifying that the court erred in the portion of the charge embraced in [ ] [1]; and in failing to present the defendant's testimony, and the formula of calculation according to the evidence of the defendant's witnesses.

*Mr. W. B. Broomall*, for the appellant.

Counsel cited: Garrett v. Gonter, 42 Pa. 143; Penna. R. Co. v. Berry, 68 Pa. 272; Bisbing v. Third N. Bank, 93 Pa. 79; Penna. Canal Co. v. Harris, 101 Pa. 80.

*Mr. V. Gilpin Robinson* (with him *Mr. Horace P. Green*), for the appellee.

Counsel cited: Morgan v. Weir, 25 Pa. 119; Louchheim v. Henzey, 9 W. N. 571; Unangst v. Kraemer, 8 W. & S. 401; Penna. R. Co. v. Coon, 111 Pa. 437; Swartz v. Hauser, 10 W. N. 434; Kauffman v. Griesemer, 26 Pa. 412.

OPINION, MR. JUSTICE McCOLLUM:

The plaintiffs are the owners of two pieces of land, situate in Darby borough, Delaware county, and separated by a public road. They received a conveyance of these properties in the settlement and division of their ancestor's estate, and at a valuation of $27,000. One lot contains eight, and the other sixteen, acres. Through the eight-acre lot the defendant company built its railroad in 1884, and this suit was brought to

recover the damages caused by its construction. It is admitted that the sixteen-acre lot is untouched, and that its market value is neither increased nor diminished by the railroad. It is a distinct tract, and it is not essential to the convenient use and occupation of the eight-acre lot. It is probable that these lots would bring more in the market, if sold separately, than if sold as one property. The value of the sixteen-acre lot is not therefore material to this issue, nor a proper factor in it. But both parties introduced evidence of its value, and neither party excepted to it, asked for instructions upon it, nor moved to strike it out.

The defendant company now complains of the use made of this evidence by the learned judge in his charge to the jury, and that its claim, and the evidence produced to support it, were inadequately presented by him. This, as explained by the argument to sustain it, means that all the evidence relating to the value of the sixteen-acre tract and the property as a whole, should have been withdrawn from the consideration of the jury, or that an additional formula, based exclusively upon the evidence of the value of the eight-acre lot before and after the construction of the railroad, should have been suggested for the calculation of the damages.

In considering this complaint, however, we are met by a record which shows that both parties gave evidence of the cost and value of the entire property, and of the value of the lots separately. The formula suggested by the learned judge rested, therefore, upon the evidence of both parties; it was adapted to the claims of both, and was not framed in the interest or to the prejudice of either. It allowed the jury to add the value of the sixteen acres to the value of the eight acres, and, from the value of the whole property thus ascertained, to deduct the value of the sixteen acres. It led to the same result as a calculation which excluded the value of the sixteen acres, but by a circuitous route. It was, however, adapted to the evidence produced by the litigants, and the natural outcome of it. It called for a review and consideration of all the evidence in the case, for the purpose of determining the depreciation caused in the market value of the eight-acre lot by the location and construction of the railroad.

It was decided in Scott v. Sheakly, 3 W. 50, that if illegal

evidence be given without objection, it is not error to consider it in the charge. The instruction complained of in this case is substantially a direction to find from all the evidence the damages to the eight-acre lot. The rule as to damages, and the legal principles governing the issue, were clearly and correctly stated. The jury were distinctly instructed to find from the evidence what the eight-acre lot would have sold for, unaffected by the railroad, and what it would have sold for as affected by it, and that the difference was the true measure of compensation. The verdict is fairly responsive to the evidence as a whole, and to that portion of it which directly estimates the value of the eight-acre lot before and after the location of the railroad. As we see no error in the charge, the specifications are dismissed, and

The judgment is affirmed.