## Lewis E. Reno, Appellant, *v.* Herbert B. Shallenberger and R. M. Cable.

*Appeals—New trial—When appellate court will act.*

Where the evidence warrants the verdict and judgment has been entered thereon, the appellate court will not enter upon a minute examination of the evidence in the exercise of its power to grant a new trial under the Act of May 20, 1891, P. L. 101. Its inquiry will be confined to the question whether the refusal of a new trial by the court below was a manifest abuse of judicial discretion calling for correction.

The constitutional powers of the jury and of the trial court cannot be restricted or impaired by statutory enactment.

Argued May 11, 1898. Appeal, No. 136, April Term, 1898, by plaintiff, from judgment of C. P. Beaver Co., Dec. T., 1895, No. 331, on verdict for plaintiff. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Trespass. Before CRAWFORD, P. J., of the 13th judicial district, specially presiding.

It appears from the record that the plaintiff, a boy of some seventeen years of age, brought suit for damages for personal injuries which he alleged that he received at the hands of the defendants by reason of having been persuaded and induced to climb upon a fence on property owned by one of the defendants on which certain electric wires were laid, by reason of which action his hands were burned by said wires.

The court below refused the motion for a new trial filing the following opinion:

[Three reasons have been assigned in support of a new trial in this case, as follows:

First, the verdict is not consistent with the evidence, upon which it ought to have been based; second, it is not warranted by the evidence; third, it is but the result of a concession to the unreasonable obstinacy of one man.

This suit is brought to recover for injuries alleged to have been sustained by the plaintiff by coming in contact with wires charged with electricity and placed by the defendant, Shallenberger, on the fence enclosing his laboratory, in the borough of Rochester. Shallenberger admitted that the wires were put there by his direction to prevent parties from climbing over the fence on to his premises, where was stored a considerable quantity of chemicals and explosives used in the experimental work of his laboratory. His contention was that the particular wires with which the hands of the plaintiff came in contact, on the evening of November 1, 1895, were so connected and charged as to render it impossible for them to inflict serious injury upon the plaintiff or any one. The plaintiff, however, sought to show that his hands had been so badly burned, and that he had otherwise been shocked and injured to an extent that would entitle him to recover damages at the hands of the jury. The only questions presented by this case were: First, had the plaintiff been injured by the neglect or wanton acts of the defendants or either of them; second, if so, to what extent should he be compensated in damages by them, or either of them; these, under the evidence offered, were questions of fact the determination of which rested with the jury.

By returning a verdict of six and one quarter cents for the plaintiff, it is evident that the jury arrived at the conclusion that the injuries of the plaintiff were of such a trivial character as would not justify them in awarding him compensatory damages, but that under all the evidence submitted, the conduct of the defendants was sufficiently culpable to warrant the imposition of costs. With regard to the third reason assigned, alleging that the verdict was the result of a concession or compromise, it is but necessary to say it is unsupported by any evidence at this time; and even if such were furnished we would unhesitatingly hold it incompetent to impeach the verdict. While, as giving expression to my individual view of

the merits of this case, I may.frankly say I do not agree with the jury, I am, nevertheless, constrained to say that after a careful examination of the entire testimony from the notes furnished, I do not feel at liberty to disturb the verdict. The motion for a new trial is therefore refused.] [5]

Verdict and judgment for plaintiff for six and one quarter cents. Plaintiff appealed.

*Errors assigned* among others were (1) in overruling plaintiff's motion to set aside the verdict and grant a new trial. (4) In the charge as follows: "We will submit to you the question, whether under the circumstances of this case this boy was a trespasser or not. You will remember all the evidence there is bearing upon that subject. That he went there and sprang up to the top of the fence. There is no evidence, as we recall it, showing that Reno was on the other side of the fence, or that he was on the property, but we submit that question to you, whether, under the facts in this case he was a trespasser." (5) In the opinion of the court below overruling motion for a new trial and refusing to grant same, reciting said portion.

*Alfred P. Marshall,* with him *R. S. Holt,* for appellant.— The essential assignment of error in this case was the refusal of the court below to set aside the verdict of the jury and grant the plaintiff a new trial.

Where a jury have given a verdict manifestly and grossly wrong, the court will grant a new trial though they gave no charge: Smith v. McCormack, 2 Yeates, 164; Bradwell v. Railroad Co., 27 W. N. C. 264; Smith v. Times Publishing Co., 178 Pa. 481.

The act of 1891 vests a further power of revision of the same nature in this court. It is an authority to review the exercise of the discretion of the court below in this respect, as we do in some others : Smith v. Times Publishing Company, 178 Pa. 481.

*John M. Buchanan,* with him *Wm. A. McConnel* and *Millard F. Mecklem,* for appellees.—The only error assigned is that the court below refused to grant a new trial. That such refusal is

not reviewable here is too well settled to need citation of authority : McKenney v. Fawcett, 138 Pa. 344 ; Com. v. Railroad Co., 165 Pa. 44 ; McBride v. Rinard, 172 Pa. 542 ; De Grote v. De Grote, 175 Pa. 50 ; Light v. Railway Co., 4 Pa. Superior Ct. 427 ; Com. v. Fitzpatrick, 1 Pa. Superior Ct. 518 ; Lauck's Appeal, 2 Pa. Superior Ct. 53 ; Shanahan v. Agricultural Society, 6 Pa. Superior Ct. 65 ; Smith v. Mauch Chunk, 3 Pa. Superior Ct. 495.

The power of the appellate court to interfere when a new trial has been refused will be exercised only when the judicial discretion of the court below has been manifestly abused : Smith v. Times Publishing Co., 178 Pa. 481.

OPINION BY SMITH, J., October 10, 1898 :

Conceding that under the act of May 20, 1891, this court has the power of granting new trials, there must be reasonable limitations to its exercise. When application for a new trial has been made to the court below and, upon a review of the whole case, that tribunal, in the exercise of its judicial discretion, concludes to let the verdict stand as the judgment of the court, nothing but a manifest abuse of this discretion will justify us in disturbing the conclusion. It was not intended by the act of 1891 to require the appellate courts to review all questions of fact and of law that may have arisen on the trial; nor to grant a new trial merely because our view of the facts may differ from the finding of the jury. The rights and powers of the jury and of the trial court remain unaffected by that act. Their constitutional functions were not and could not be restricted or impaired by statutory enactment. The statute simply gives us legislative authority to review the case before final judgment, and to grant a new trial where the ends of justice clearly require it. Where the evidence warrants the verdict, and judgment has been entered thereon, this court will not enter upon a minute examination of the evidence. Our inquiry is confined to the question whether the refusal of a new trial by the court below was a manifest abuse of judicial discretion, calling for correction.

In the present case the entire controversy involved questions of fact, and these were submitted to the jury in a charge so favorable to the plaintiff that he took no exception thereto, and it

was brought upon the record at the instance of the defendant. The paragraph cited in the fourth specification of error, is so perfectly fair that we fail to see upon what ground it can be regarded as erroneous.

The plaintiff has had his case submitted to a jury of his own selection upon evidence which would sustain either his theory or the theory of the defendant. All testimony offered by him would seem to have been admitted, and all his objections to evidence were sustained. Indeed, an examination of the record satisfies us that the plaintiff received kind and considerate treatment by the court throughout the trial.

The judgment is affirmed.