# Annie G. Halahan *v.* Peter S. Cassidy, Appellant.

*Appeals—Practice, Superior Court—Failure to file assignments.*
Where appellant filed no assignments of error the appellee is entitled to have the appeal quashed or a judgment of nonsuit entered.

*Appellate review of discretion—Refusal of new trial.*
Nothing but manifest abuse of judicial discretion will justify the appellate court in disturbing the conclusion of the court below to let a verdict stand as the judgment of the court.

Argued Dec. 15, 1899. Appeal, No. 198, Oct. T., 1899, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1898, No. 389, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, W. W PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Per Curiam.

Trespass for injuries resulting from carelessness and negligence of defendant, a practicing dentist.   Before AUDEN-RIED, J.

No exception was taken to the charge of the court.

Verdict and judgment for plaintiff for $300.   Defendant appealed.

No errors were assigned.

*Joseph A. Reed,* for appellant.—In our judgment to permit this verdict to stand would result in great injury to defendant, mulct him in damages, and present a bid for this class of actions, and would ultimately ruin the best dental establishments. It is a case, to our mind, of a verdict radically against the charge of the learned trial judge, the evidence and the weight of the evidence, and if permitted to stand would result in great injury to defendant and his business.

In support of the argument of appellant's counsel, reference is respectfully made to the opinion of Justice MITCHELL of the Supreme Court, and the concurring opinions in case of Smith v. Times, 178 Pa. 481.

*Edmund Jones,* with him *Cipriano Andrade, Jr.,* and *H. Gilbert Cassidy,* for appellee.—This is the second verdict for plaintiff in the same case; the defendant's application for a new and third trial was overruled by the court below; and it is true here, as was well said by this court in the case of Light v. Railroad Co., 4 Pa. Superior Ct. 427, that "no legal principle of any importance was involved in this case, and that the facts must inevitably be submitted to a jury. The case therefore stands as favorably for the defendant as it is likely to stand at the end of any number of trials."

Should the court deem it necessary in this case to temporarily suspend the operation of its said rules, we respectfully submit the following argument on the merits :

Not only has the appellant assigned no error in this court, but in the court below he failed to take exception to any portion of the charge or to the admission or rejection of any evidence, except the admission of one hypothetical question propounded by appellee's counsel to one of appellee's witnesses.

227, (1899).]          Arguments—Opinion of the Court.

We have then the simple case of a cause at common law, submitted to the jury on evidence and under a charge to which no objection is taken in this court. We have, upon the evidence and charge, a verdict in the plaintiff's favor for the moderate sum of $300.

Under these circumstances, the only question before this court on appeal, is whether there was enough evidence in the plaintiff's case to fairly warrant the jury in finding as they did. With the weight of the evidence, one way or another, this court will not concern itself: Reno v. Shallenberger, 8 Pa. Superior Ct. 436.

PER CURIAM, January 17, 1900:

As the appellant filed no assignments of error the appellee was entitled to have the appeal quashed or a judgment of nonsuit entered. Even if the appellant had assigned for error the matter complained of in the oral argument and printed brief of his counsel, the only difference in the result would be, that the judgment would be affirmed. The cause was submitted to the jury in a charge to which he took no exception, and of which, even now, he does not complain. Concededly, the case was for the jury; the only complaint is that the verdict was against the weight of the evidence and that a new trial ought to be granted in order to prevent injustice.

" Conceding that under the act of May 20, 1891, this court has the power of granting new trials, there must be reasonable limitations to its exercise. When application for a new trial has been made to the court below and, upon a review of the whole case, that tribunal, in the exercise of its judicial discretion, concludes to let the verdict stand as the judgment of the court, nothing but a manifest abuse of this discretion will justify us in disturbing the conclusion: " Reno v. Shallenberger, 8 Pa. Superior Ct. 436. The argument of counsel has failed to convince us that there is such cause for reversal in the present case.

The plaintiff's motion is allowed and judgment of nonsuit is entered.