## Zugsmith *v.* Rosenblatt & Company.

*Appeal—Review of discretion.*

The appellate court will not revise the exercise of the discretion of the court below where there is no manifest abuse thereof.

*Charge of court—Concise statement of respective contentions.*

A clear and concise statement in untechnical language by the trial judge, of the respective contentions of the parties, is of great aid to the jury and often absolutely essential, even though it be not accompanied by a review and an analysis of the evidence adduced in support of them.

*Appeal—Technical but trifling error not reversible.*

Where evidence admitted under objection is of such trifling importance that it could not have affected the result, the appellate court will not reverse even if there were technical error in the ruling.

Argued Oct. 4, 1900.   Appeal, No. 11, Oct. T., 1900, by defendants, in suit of Albert Zugsmith against H. M. Rosenblatt & Company, from judgment of C. P. No. 1, Phila. Co., March T., 1899, No. 882, on verdict for plaintiff.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.   Per Curiam.

Assumpsit.   Before BRÉGY, J.

It appears from the record that plaintiff brought suit to recover the sum of $1,800 for breach of contract of employment.

[The court admitted without objection of defendants, the following testimony on behalf of plaintiff in rebuttal:

" Q. Please state whether or not, at the times during their employment, you neglected your duties to visit brokers' offices.

" A. I never neglected duties to visit brokers' offices."] [3]

[The court also permitted the plaintiff to testify in rebuttal as follows:

" I very often  visited the factory where my brother was em-

ployed, and they had numerous conversations together, Mr. Landauer and my brother, and my brother asked him what he thought was a safe investment, and he suggested for him to buy U. G. I. stock," and upon the cross-examination of this witness, to test the truth of his story, counsel for the defendants asked the witness as follows: "Q. What money did your brother have to invest, to make safe investments with?" Which question being objected to, the objection was sustained.] [4]

The court charged the jury in part as follows:

[Mr. Zugsmith's claim is entirely different; he says that his employment was originally such as that paper states, but they changed that, that that was entirely done away with, and that new contracts were made, and that when this year arrived this was the condition, that he was to receive $2,400 from Rosenblatt & Company, that he was to be a traveling salesman only, and that he was at perfect liberty when he was in the city to stay away from the store if he saw proper; that the time was his own; that he owed no duty to them during the three or four months of the year that he was not on the road. . . . Whenever I have said that the plaintiff alleges that the contract was an entirely new one and that he was not working at all under any of the terms of that written contract, counsel on the other side think I am in error about that. It is for you to say whether it was or not.] [1]

[The court refused binding instructions in favor of defendants.] [2]

Verdict and judgment for plaintiff for $1,217.50. Defendants appealed.

*Errors assigned* were (1) to a portion of the judge's charge, reciting same. (2) In refusing binding instructions. (3, 4) To rulings on evidence, reciting same.

*Emanual Furth,* with him *Jacob Singer,* for appellants.

*Ira J. Williams,* with him *Alex. Simpson, Jr.,* and *Francis Shunk Brown,* for appellee.

PER CURIAM, November 19, 1900:
A clear and concise statement in untechnical language by

the trial judge, of the respective contentions of the parties, is of great aid to the jury, and often absolutely essential, even though it be not accompanied by a review and an analysis of the evidence adduced in support of them. This was all that was attempted in the portion of the charge quoted in the first assignment of error. The principal question in dispute was as to the plaintiff's duties under the contract of employment for the year 1899. The learned judge was not rehearsing the evidence in detail but was simply stating the plaintiff's claim with regard to that matter. The plaintiff may or may not have testified truthfully or consistently with the former part of his testimony, nevertheless it is a fact, that upon redirect examination, after the written contract had been exhibited to him, he swore that it was abrogated about January, 1897. It is also a fact that upon cross-examination he asserted that his duties under the contract for the year 1899 were as stated in the charge. We need not go further into detail. After a careful examination of the evidence it seems to us that the learned trial judge stated the claims of both parties with great fairness and substantial accuracy, and that the first assignment is without merit.

The second assignment alleges, in effect, that the court erred in not giving binding instructions in favor of the defendants. It would be a sufficient answer to say that the defendants made no request for such instructions, but we add that the court would not have been warranted in giving them, even if the request had been made. Beyond all question the case was for the jury. It was submitted to them in a clear, adequate and impartial charge to which but a single exception, and that without merit, was taken. Even if it be conceded that the action of the court in refusing a new trial is reviewable, and even if it were properly before us for review in the present instance, we would be compelled to say that there was no such manifest abuse of discretion as would justify us in disturbing the conclusion of the court below. See Reno v. Shellenberger, 8 Pa. Superior Ct. 436, and Halahan v. Cassidy, 12 Pa. Superior Ct. 227. No exception having been taken to the admission of the evidence referred to in the third assignment of error it need not be further noticed.

It may be conceded, as the appellant's counsel argues, that if the plaintiff's stock speculations involved a breach of duty to his

employers the fact that their general manager advised or encouraged him would not be a legal excuse. But that is not the point to which the evidence referred to in the fourth assignment was directed. The general manager had testified in behalf of the defendants that he had on more than one occasion censured the plaintiff for spending too much time at brokers' offices; that he had told him that a man in his position had no right to speculate in stocks. This, according to his testimony, was one of the complaints he made to the plaintiff. As tending to rebut this testimony, not as an excuse or justification for his conduct, it was competent to adduce testimony to the effect that the witness advised the plaintiff as to his stock purchases. Even if there was technical error in the ruling, the evidence admitted under the offer was of such trifling importance that it could not have affected the result.

Judgment affirmed.