## Millert *v*. Augustinian College, Appellant.

*Master and servant—Wrongful discharge—Receipt in full—Question for jury.*

Where an employee upon being wrongfully discharged before the expiration of his term, accepts under protest a check marked "in full," and subsequently adds the words "to date" giving date, in a suit subsequently brought to recover the balance of salary due, the question as to the meaning of the words "in full," is for the jury.

An employee who is wrongfully discharged, is prima facia entitled to recover the stipulated compensation for the whole term, if it appears that he honestly endeavored to secure employment during that period, and as honestly failed.

In such a case where the jury returned a verdict for an amount considerably less than the stipulated compensation, the appellate court will not reverse the judgment because the trial judge while instructing the jury not to allow interest as such, told them that they might allow plaintiff anything up to six per cent by way of detention of the money.

Argued Nov. 19, 1907. Appeal, No. 23, Oct. T., 1907, by defendant, from judgment of C. P. Del. Co., Dec. T., 1904, No. 49, on verdict for plaintiff in case of Edgar B. Millert v. Augustinian College of Villanova. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit to recover for breach of a contract of employment. Before JOHNSON, P. J.

The facts are stated in the opinion of the Superior Court.

Plaintiff presented the following points:

16. If you find for the plaintiff, the measure of damages will be the sum stipulated in the agreement, with interest from the date of discharge to the date of the expiration of the contract.

The Court: Was he entitled to all of it at that time?

Mr. Bradbury: I understand that to be the law here, with interest.

The Court: He was to be paid monthly?

Mr. Bradbury: I may not be clear on that.

The Court: I am not inclined to affirm that. I think I will say to you, gentlemen, that if you find for the plaintiff he will be entitled to the monthly pay which he was to receive and interest from the date at which they were due until the date cf your verdict. Not entitled to interest due, but that you may allow him anything up to six per cent for its detention. Not interest, as we said a moment ago. That was a slip. But you may allow him anything up to six per cent by way of its detention. [1]

17. It is admitted that the plaintiff was to receive $900 for the school year of nine months, and was to board himself outside of the institution. He has received $140, so that the amount of your verdict will be the difference between $140 he received and $900, which is $760, with interest on same. *Answer:* That is affirmed if you find for the plaintiff. [2]

Defendant presented this point:

1. The acceptance of the check of November 19, 1904, marked "in full," is to be treated as an accord and satisfaction, and there can be no recovery in this case. *Answer:* This is refused. That is a question for the jury under all the evidence. That point means this, gentlemen: You will remember that when the final check of $50.00 was given to the plaintiff it had on it "in full," and the defendant asks us to say to you, as a matter of law, that receiving that check in full was an acknowledgment that that was all that was due him, and that,

therefore, you will not be permitted to find in his favor.' 'We submit that question to you. As the court remembers,; that transaction was something like this: After the plaintiff had been informed that his services were no longer needed, or was discharged, that Dr. Delurey tendered to him in cash, if I re- member, notes, $50.00, and requested him to sign a receipt in full, and that the doctor then or soon after, the court does not recollect how soon after, handed him this check to his order marked "in full." He says when he went to use it—I am not sure just when he discovered it, but before he used it he marked on the back of it, "in full to November 19, 1904," indorsed his name on it and drew the money from the bank. Now, it will be for you to say whether he did receive that check in full payment or not. You will remember that he refused to sign a receipt in full, and took the check, and he says, if I remem- ber, because of his circumstances he could not wait and had to have the money, and he indorsed this on the back and drew the money, so that it will be for you to say whether under all the evidence in the case he did accept that check in full. [5]

Verdict and judgment for plaintiff for $460. Defendant appealed.

*Errors assigned* were (1, 2, 5) above instructions, quoting them.

*Wm. B. S. Ferguson,* with him *John A. Ward* and *V. Gilpin Robinson,* for appellant.—The check was on accord and satis- faction: Christman v. Martin, 7 Pa. Superior Ct. 568; Bense- man v. Ins. Co., 13 Pa. Superior Ct. 363; Gas Co. v. Johnson, 123 Pa. 576; MacDonald v. Piper, 193 Pa. 312; Rhoads's Est., 189 Pa. 460; Harris v. Hay, 111 Pa. 562; Dougherty v. Hunter, 54 Pa. 380; Phillips v. Meily, 106 Pa. 536; Crawford v. Oil Co., 189 Pa. 415; Flynn v. Hurlock, 194 Pa. 462; Laughead v. Frick Coke Co., 209 Pa. 368; West Point Cotton Mills v. Blythe, 29 Pa. Superior Ct. 642.

The measure of damages in an action for breach of a con- tract of employment is the actual damage proven by plaintiff to have been sustained by him, and the learned trial judge

should have charged the jury that if they found for plaintiff they should allow him such damages, and it was error on his part to stipulate to the jury what the amount of their verdict should be if they found for the plaintiff: Nixon v. Myers, 141 Pa. 477.

While lapse of time is ordinarily a proper subject for the consideration of the jury in making up the amount of damages for which their verdict should be rendered, it is well settled that interest eo nomine is not recoverable in actions for damages: Reading & Pottsville R. R. Co. v. Balthaser, 126 Pa. 1; Richards v. Citizens' Natural Gas Co., 130 Pa. 37; Provident Life and Trust Co. v. Philadelphia, 202 Pa. 78; Penna. Schuylkill Valley R. R. Co. v. Ziemer, 124 Pa. 560; Emerson v. Schoonmaker, 135 Pa. 437.

*Charles R. Bradbury* and *Fred T. Pusey,* for appellee.

OPINION BY ORLADY, J., July 15, 1908:

This suit was brought by the plaintiff to recover the balance due on a contract made with the defendant, for services to be rendered as a teacher of languages in the defendant college, at a salary of $900 for the school year.

After rendering services for two months, and after receiving $140 in money, the plaintiff was discharged, the reason for such action by the college being that he was inefficient. The circumstances attending his discharge were described by the president of the college as follows: "In view of the fact that I had discovered him to be inefficient, I felt that was the termination, or cause for the termination of the verbal contract into which we entered in New York, and, secondly, paying him in full for the time, on the basis of the year, paying him for the time he was there, I felt that I was giving him all that was justly due."

The last payment of $50.00, was paid by a check dated November 19, 1904, drawn to the plaintiff's order, and marked "in full," which was paid November 23, 1904, and which on examination by the maker was discovered to be indorsed "In full to date, Nov. 19, 1904." The form of this indorse-

ment was not known by the defendant until some time after the check had been paid. At the time the check was given, payment in money was demanded by the plaintiff and refused because it was accompanied by a demand that the plaintiff should sign a receipt in full for all demands. The check was accepted under protest and the plaintiff alleges, that having no other source of income he was obliged to have it cashed, and, further, that he made an honest effort to secure other employment within the term mentioned in his contract, and failed. So that during that time he did not earn a penny. His claim was for the difference between $900, the annual salary, and $140 which he received, or $760 with interest. The verdict was for $460 in his favor. After a full review of the law and the facts, the court refused a motion for a new trial, as well as a motion for judgment notwithstanding the verdict.

It does not appear that any complaint or objection was made to the plaintiff's performance of his contract until the day of his discharge, hence he was entitled to the amount of money represented by the check, whether he remained in the institution or not. His right to recover in this action is independent of his right to receive the $50.00 then paid to him. No services were rendered after that payment, and there is no question of a compromise of a disputed claim, or of an actual acceptance of a smaller sum as an accord and satisfaction: Martin v. Frantz, 127 Pa. 389. In Benseman v. Insurance Company, 13 Pa. Superior Ct. 363, the effect to be given to a check or receipt marked with the words "in full" is elaborately considered, and the principles of law there announced are applicable to the present case. There was no relation of trust or confidence between the parties. There was a controversy between them. They were dealing at arm's length. The plaintiff was loath to leave the employment. The defendant insisted that he should do so on account of his inefficiency. There was no attempt to adjust the plaintiff's claim for the balance of the year. The check given him, marked "in full" has no special significance other than the interpretation put upon it by the plaintiff's indorsement, "in full to Nov. 19, 1904," and

there is not a suggestion in this record that he accepted and used it with any other view than that it was a payment in full for services rendered to that date. There was no explanation as to what the term "In full" signified, and in the absence of such explanation, the meaning was properly left to the jury: Rhoads's Estate, 189 Pa. 460.

As said by the court, "What his understanding about it was, will be for the jury to say under the circumstances, whether he took it in full." The making of the contract and its partial performance are not in dispute, the defense being limited to its claim of the plaintiff's inefficiency, and the right to discharge him for that reason. In this, the burden of proof was on the defendant to satisfy the jury that its reason for discharging the plaintiff was good; this fact having been fully submitted, as presented in the third assignment of error, it must be considered as properly determined against the defendant. And so, too, the court properly and fairly submitted to the jury the question of the plaintiff's efforts to secure employment during the balance of the year, and his duty to procure other service if he could.

The employment was for a determinate period, and if the plaintiff was improperly dismissed before the term of service had expired—and this fact was so determined by the verdict—the plaintiff was prima facie entitled to recover the stipulated compensation for the whole term if it appears that he honestly endeavored to secure employment during that period and as honestly failed: King v. Steiren, 44 Pa. 99; Wilke v. Harrison Bros. & Co., 166 Pa. 202; McDowell's Appeal, 123 Pa. 381.

The jury was specially cautioned not to allow interest as such on the plaintiff's claim, if they found in his favor, but was instructed "you may allow him anything up to six per cent by way of its detention," which, in the light of the verdict, was not harmful to the defendant. In this there was no error. The assignments of error are overruled and the judgment is affirmed.