# CASES

IN THE

# SUPERIOR COURT

OF

# PENNSYLVANIA.

---

## Moyer *v.* Phillips, Appellant.

*Practice, C. P.—New trial—Appeals—Paper-books—Quashing appeal.*

1. When on application for a new trial the court below, on a review of the whole case, concludes, in the exercise of its judicial discretion, to let the verdict stand as the judgment of the court, nothing but a manifest abuse of this discretion will justify the appellate court in disturbing the conclusion.

2. The power of the appellate court to grant a new trial is exceptional in character and only to be exercised in very clear cases of wrong or injustice which the court below should have remedied.

3. An appeal will be quashed when the reasons upon which a motion for a new trial were based are not printed in the appellant's paper-book, when no exception was allowed to the refusal of a new trial, and when evidence was not certified by the trial judge in compliance with rule VI.

Argued May 11, 1909. Appeal, No. 29, April T., 1909, by defendant, from judgment of C. P. Beaver Co., Sept. T., 1906, No. 145, on verdict for plaintiff in case of W. L. Moyer v. John J. Phillips. Before Rice, P. J., Porter, Henderson, Morrison, Orlady, Head and Beaver, JJ. Appeal quashed.

Assumpsit to recover a balance alleged to be due on a building contract. Before Holt, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was in refusing a new trial.

*W. M. Potter*, for appellant.

*J. Frank Reed*, for appellee.

PER CURIAM July 14, 1909:

When on application for a new trial the court below, on a review of the whole case, concludes, in the exercise of its judicial discretion, to let the verdict stand as the judgment of the court, nothing but a manifest abuse of this discretion will justify the appellate court in disturbing the conclusion: Reno v. Shallenberger, 8 Pa. Superior Ct. 436; Halahan v. Cassidy, 12 Pa. Superior Ct. 227. The power of the appellate court to grant a new trial is exceptional in character and only to be exercised in very clear cases of wrong or injustice which the court below should have remedied: Schenkel v. Pittsburg, etc., Trac. Co., 194 Pa. 182, Neff v. Penna. R. R. Co., 202 Pa. 371. It is needless to multiply authorities in support of propositions so well settled. The argument addressed to us by appellant's counsel has not convinced us that there was such manifest abuse of discretion as would justify us in interfering. But, apart from this consideration, the appeal must be dismissed. The reasons upon which the motion for a new trial was based, if any were filed in the court below, are not printed in the appellant's paper-book. Nor does it appear in the assignment of error or elsewhere in the paper-book that an exception was taken to the action of the court. Moreover, the paper-book fails to show that what is alleged to have been the evidence adduced at the trial has been certified by the trial judge either in the manner prescribed by rule VI, or by the statute. And, upon examination of the record itself, we find that it was not so certified. It was absolutely essential that this should be done in order to bring into review the action of the court here assigned for error.

The appeal is quashed at the costs of the appellant.