## Belber Trunk & Bag Company, Appellant, *v.* Silberblatt.

*Practice, C. P.—Trial—Evidence—Competency—Appeals.*

1. If evidence be offered without objection it may be assumed that it is made competent by agreement of counsel, or is deemed competent, and having been admitted and the attention of the court not having been called to any objection to its competency during the progress of the trial, it is too late to raise the question on appeal.

*Practice, C. P.—New trial—Refusal of new trial—Discretion of court.*

2. Nothing but a manifest abuse of discretion will justify the appellate court in disturbing the conclusion of the trial judge on a rule for a new trial. The power is exceptional in character, and is only to be exercised in cases where it is manifest that injustice has been done.

Argued May 9, 1910. Appeal, No. 188, April T., 1910, by plaintiff, from judgment of C. P. Armstrong Co., March T., 1909, No. 179, on verdict for defendant in case of Belber Trunk & Bag Company *v.* M. Silberblatt. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit for goods sold and delivered.

The opinion of the Superior Court states the case.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1) refusal for new trial; (2) refusal of judgment for plaintiff non obstante veredicto; (3) refusal of binding instructions for plaintiff, and (4, 5) portions of charge of the court.

*Harry C. Golden*, for appellant.

*R. L. Ralston*, for appellee.

OPINION BY HENDERSON, J., July 20, 1910:

The assignment of error pressed by the appellant is the fourth in which exception is taken to that part of the charge of the court which referred to the evidence introduced by the defendant to show what Belber, the president and sales agent of the company, testified to at the suit before the justice of the peace with reference to the return of the defective trunk and suit cases. The witness was on the stand in behalf of the plaintiff and in the course of his examination stated, as the defendant testified, that the company had received the goods which the defendant returned. The evidence of the defendant on this point was not objected to; no motion to strike it out was made and there was no request to the court that it be disregarded. It was not error, therefore, for the court to take it into consideration with the other testimony in the case. If evidence be offered without objection it may be assumed that it is made competent by agreement of counsel or is deemed competent and having been admitted and the attention of the court not having been called to any objection to its competency during the progress of the trial it is too late to raise the question on an appeal to this court. It would be manifest injustice to convict the trial court of error without an opportunity to pass on the admissibility of the testimony at the trial. If the evidence were incompetent and was admitted without objection it is not error on the part of the court to treat it as legal evidence: McCullough v. Wallace, 8 S. & R. 181; Scott v. Sheakly, 3 Watts, 50; Sloan v. B. & O. R. R. Co., 131 Pa.

568. It is unnecessary, therefore, to determine whether the statement of the president of the company in his testimony at the trial before the justice was admissible or not. We may say, however, that the case of Reineman v. Blair, 96 Pa. 155, goes very far toward sustaining the admissibility of the evidence.

The other assignments do not need special consideration. The first is to the refusal of the court to grant a new trial. It is clearly established that nothing but a manifest abuse of discretion will justify the appellate court in disturbing the conclusion of the trial judge on a rule for a new trial. The power is exceptional in character and is only to be exercised in cases where it is manifest that injustice has been done: Moyer v. Phillips, 40 Pa. Superior Ct. 1; Schenkel v. Traction Co., 194 Pa. 182; Neff v. R. R. Co., 202 Pa. 371. The second and third assignments call for binding instructions for the plaintiff. After the evidence was given as to the return of the goods to the plaintiff there could not properly have been either binding instructions on the sixth point or judgment for the plaintiff non obstante. If the goods returned were not of the kind contracted for and were returned to the vendor because they were defective the plaintiff was not entitled to recover their price and the instructions of the court to the jury were clear and in harmony with the law. We do not find any valid reason for sustaining any of the exceptions.

The judgment is affirmed.