## Moore *v.* Robison, Appellant.

*Appeals—Assignments of error—Points—Refusal of new trial.*
1. The appellate court will not consider assignments of error relating to points to which the answers are not quoted in the assignments, or which relate to points in which the answers are given, but the points are not quoted.
2. An assignment of error to the refusal of a new trial will not be considered, except in a case where it is manifest that an injustice has been done.

*Evidence—Receipt—Explanation.*
3. A receipt in full is not conclusive but is open to explanation.
4. Where a plaintiff has five different items of claim against the defendant, a check from the defendant to the plaintiff on the face of which it is stated that it is in full settlement of two items specified, is not conclusive evidence of full settlement for all the items, and is not conclusive of a compromise proposed by the defendant and accepted by the plaintiff.

Argued April 13, 1911. Appeal, No. 55, April T., 1911, by defendant, from judgment of C. P. No. 1, Allegheny Co., March T., 1906, No. 735, on verdict for plaintiff in case of John F. Moore v. William Robison. Before RICE, P. J., HENDERSON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit for work and labor. Before FORD, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $532.80. Defendant appealed.

*Errors assigned* were various portions of the charge.

*M. L. Avner*, with him *S. S. Robertson*, for appellant.—Where a debt is unliquidated the acceptance by the creditor of money tendered by the debtor in full of all account precludes recovering more: Potter v. Douglass, 44 Conn. 541; Truax v. Miller, 48 Minn. 62 (50 N. W. Repr. 935); Preston v. Grant, 34 Ver. 201; Bromley v. School District in Tinmouth, 47 Ver. 381; Roach v. Gilmer, 3 Utah, 389 (4 Pac. Repr. 221); Treat v. Price, 47 Neb. 875 (66 N. W. Repr. 834); Bernstein v. Hirsch, 33 Pa. Superior Ct. 87; Christman v. Martin, 7 Pa. Superior Ct. 568; Washington Nat. Gas. Co. v. Johnson, 123 Pa. 576; Rhoads' Est., 189 Pa. 460; MacDonald v. Piper, 193 Pa. 312; Flynn v. Hurlock, 194 Pa. 462.

*T. S. Brown* of *Brown & Stewart*, for appellee.—A receipt in full is prima facie, but not conclusive, evidence of a settlement. It may be attacked on the ground of fraud, mistake or ignorance of his legal rights by the party who gave it: Girard Fire & Marine Ins. Co. v. Canan, 195 Pa. 589; Hamilton v. McGuire, 3 S. & R. 355; Brockley v. Brockley, 122 Pa. 1; Com. v. Cummins, 155 Pa. 30; Millert v. Augustinian College, 36 Pa. Superior Ct. 511.

OPINION BY BEAVER, J., July 13, 1911:

The appellee invokes the application of our rule No. XV as to the first, second, fourth and fifth specifications of error. The rule is: "When the error assigned is to the charge of the court, or to answers to points, or to findings of fact or law, the part of the charge or the points and answers or findings referred to must be quoted totidem verbis in the assignment." The first and second assignments relate to points to which the answers are not quoted

in the assignments. The fourth and fifth assignments relate to separate points, in which the answers are given but the points are not quoted. The objection is, therefore, well taken and the rule must be applied.

The sixth assignment is "That the court below erred in refusing defendant's motion for a new trial." This is also excepted to on the ground that a new trial is not, under ordinary circumstances, the subject of an appeal. It was said by our Brother Henderson, in a very late case—Belber Trunk & Bag Co. v. Silberblatt, 44 Pa. Superior Ct. 32: "It is clearly established that nothing but a manifest abuse of discretion will justify the appellate court in disturbing the conclusion of the trial judge on a rule for a new trial. The power is exceptional in character and is only to be exercised in cases where it is manifest that injustice has been done: Moyer v. Phillips, 40 Pa. Superior Ct. 1; Schenkel v. Traction Co., 194 Pa. 182; Neff v. R. R. Co., 202 Pa. 371."

This leaves for consideration the third assignment which contains an exception to the charge of the court below. The assignment raises a question of fact rather than one of law. The portion of the charge excepted to is as follows: "Now, gentlemen, was there a contract? Did the defendant offer and the plaintiff accept $1,400 in full settlement and compromise of all claims which the plaintiff had, or claimed to have, by reason of work done or materials furnished in the removal of the old house, its repair or alteration, if it was repaired or altered, and the erection of the new buildings and the changes and alterations, if any were made? If such a contract for compromise was entered into, then it was binding on the parties, and the plaintiff cannot recover in this case; but if you find that the parties did not settle and compromise the matters in dispute to which we have referred, and that the plaintiff did not accept the $1,400 as a full settlement, then your verdict should be for the plaintiff for such sum or sums as, under the evidence and the instructions we have given you, you find he is entitled to

recover on any or all of the items of his claim, together with interest thereon from April 2, 1904."

The claim of the plaintiff, as set forth in his statement, consisted of several sets of items: first, those relating to a contract for the removal of a frame building and the erection of two brick buildings upon Ward street; second, sundry items of charge based upon alterations upon these buildings after the contract was made; third, repairs to an old building, independent of the three on Ward street, on Meyran avenue; fourth, McCallister's bill for plumbing, and fifth, bringing water supply from Meyran Avenue. It is alleged by the defendant that, when this bill was presented, he declined to pay it but offered a check for $1,400 in full payment of the bill and that he did not need, therefore, to pay anything on account thereof, because the plaintiff accepted the check. The check reads as follows:

"No. 136.                    PITTSBURG, PA., April 2, 1904.
      "OAKLAND SAVINGS AND TRUST COMPANY
    "Pay to the order of J. F. Moore, Fourteen Hundred Dollars, $1400.00
" Dollars                    ;
" $1400.00.
                              " WILLIAM ROBISON.
" In full settlement of contracts for two brick houses and one frame, situate on Ward St.    Indorsed: J. F. Moore."

It is claimed by the plaintiff that the addition following the signature of the defendant was not on the check when he received it and that he had no knowledge of such an addition made thereto. He specially declined to comply with the request of the defendant, according to his testimony, that he sign a receipt in full for the bill. He gave credit for the amount of the check and claimed the balance of the bill. As we understand the position of the defendant, he does not claim an accord and satisfaction but a compromise proposed by the defendant and accepted

by the plaintiff. The check is given as evidence of that
compromise and of the acceptance by the plaintiff of the
check in full of his demands. Assuming that the plaintiff
is in error as to the fact that the addition to the check
was made before he indorsed it, it must be taken for just
what it is worth and it only claims that it is "in full set-
tlement of contracts for two brick houses and one frame,
situate on Ward St." As we understand the plaintiff, he
admits that the amount of the contracts for the houses
was fully paid but that the alterations made in conse-
quence of the defendant's request subsequently to the
making of the contracts and the items for the Meyran
avenue house and the bringing of the water supply there-
from and the payment of the McCallister bill for plumb-
ing were all in addition thereto and are not claimed to be
included in the addition to the check. The court, how-
ever, left it to the jury to say whether or not, according
to the claim of the defendant, the check was in full of all
claims, and this appears in the part of the charge which is
assigned for error, and, if any error appears therein, it
would seem rather to be in the interest of the defendant
than that of the plaintiff.

We have considered many times the question of the
character of a receipt in full. As was said in Benseman
v. Ins. Co., 13 Pa. Superior Ct. 363, by our president
judge, speaking for the court: "A receipt in full is not
conclusive, but is open to explanation (Sargeant v. Ins.
Co., 189 Pa. 341, and cases cited): yet if there be no ex-
planatory evidence, it has a defined legal meaning." Mil-
lert v. Augustinian College, 36 Pa. Superior Ct. 511, is to
the same effect, and other cases are therein cited, so that
the broad question was submitted to the jury whether or
not the indorsement on the check was a receipt in full
of all demands, which in itself it does not claim to be.

The question was clearly, therefore, one for the jury,—
first, was the addition to the check made prior to its
acceptance by the plaintiff? And, even if it were, did it
include more than the added statement sets forth? These

questions were very fully submitted to the jury in detail, and their verdict is conclusive upon the subject. We are quite satisfied, therefore, not only of the fairness of the submission of the questions of fact to the jury, but also that the sixth assignment, relating to the refusal of the court to grant a new trial, is without foundation.

The assignments of error are all overruled.

Judgment affirmed.