Opinion by
Porter, J.,
The plaintiff brought this action of assumpsit, founding his right to recover upon the covenants of an oral lease of a. farm for a term of one year, having been evicted during *432 the term under a paramount title. He averred in his statement and, at the trial, produced evidence sufficient to sustain a finding that he had occupied the farm as a tenant under Benjamin Long, father of the defendant, as tenant from year to year, from April 1, 1903, until the death of Benjamin Long in 1904; after the death of Benjamin Long he continued to occupy the farm as tenant from year to year, renting the same from the defendant, Aaron L. Long, who claimed to have the right and authority to rent the same after the death of his father. In October, 1906, the plaintiff having heard a report that other heirs of Benjamin Long disputed the right of the defendant to control the farm, communicated that fact to the defendant and was assured by the latter that he had the right to execute a valid lease for the farm. The plaintiff and the defendant, on or about October 21, 1906, entered into an oral agreement that the former should continue as tenant of the farm under the latter for the year beginning April 1, 1907, and the defendant then agreed with and promised the plaintiff to protect him in the peaceable possession of the farm and premises for the said year and to indemnify him against any loss or damage that he might sustain by reason of any adverse claim to the right of possession that might be set up by other parties. Plaintiff -continued in possession of the farm after April 1,1907, and prepared the ground and planted his spring crop, when proceedings were entered to dispossess him by one of the heirs of Benjamin Long, deceased, who had acquired title to the premises under proceedings in partition. Plaintiff took the summons served upon him in the possessory action to the defendant, who then assured him that the other parties had no right to possession and that he, the defendant, would stand by him and bear all the expenses. The proceeding to dispossess the plaintiff terminated in a judgment in favor of the complainant in that action, the heir who had acquired title under the proceedings in partition, and the plaintiff was expelled from the farm on May 15,1907. He then brought this action upon the oral agreement of the *433 defendant to protect him in the peaceable possession of the premises during the term and to indemnify him against any loss or damage which he might sustain by reason of any adverse claim to the right of possession of the farm. The defendant denied that he had entered into the oral agreement leasing the farm to the plaintiff for the year beginning April 1, 1907, but the testimony of the plaintiff was corroborated by that of another witness, and the verdict of the jury must be accepted as establishing the truth of the plaintiff’s statement of the facts. The plaintiff having recovered a judgment in the court below the defendant appeals.
The defendant, appellant, thus states the question involved in this appeal: “1. Can there be a recovery upon an indemnity for a trespass or wrongs? 2. Should the promise to indemnify be in. writing? And 3. Was a settlement evidenced by receipt in full signed by the plaintiff conclusive? ” The first and second questions may be considered together. The lease upon the covenants of which the plaintiff relied, was for the term of one year only and the term contemplated expired within less than two years from the time the agreement was made, and it was, therefore, not invalidated by the statute of frauds of March 21, 1772, sec. 1, 1 Sm. L. 389, which requires all leases to be in writing, but expressly excepts from its provisions “all leases not exceeding the term of three years from the making thereof.” The defendant did not in this oral agreement covenant to answer for the debt or default of another, within the meaning of the Act of April 26, 1855, P. L. 308. He asserted that he had the right to léase the farm and that his tenant would lawfully be entitled to the possession thereof and covenanted to protect him against the claims of any other party. The agreement to indemnify the plaintiff against loss from being dispossessed under any adverse claim of title, was an incident of the lease which the defendant was asserting he was making and had the right to execute, in his own right. The defendant did not promise that he would indemnify the plaintiff in case of *434 the failure of some other person to protect him in the possession; he asserted the right to possession in himself and the agreement to secure the plaintiff in the possession of the farm was the primary agreement of the defendant: Crawford v. Pyle & Brown, 190 Pa. 263. Nor is the suggestion of the appellant that the agreement contemplated •an illegal act, a willful trespass, and is, therefore, unenforceable for that reason, well founded. There was nothing in the agreement itself, as proved by the plaintiff, which suggested that a wrongful act was contemplated. The plaintiff had occupied the farm as a tenant, renting from this defendant, for several years, and the defendant asserted that his relation to the property would continue the same during the term in question. This plaintiff was not bound, in such circumstances, to examine the title of the defendant in order to ascertain whether he was telling the truth. The court could not have declared as matter of law that the agreement between these parties necessarily contemplated an unlawful trespass upon the rights of another. The court left the question of the intention of the plaintiff to become a party to a wrongful act to the jury, in language of which the plaintiff certainly has no cause to complana, saying: “If, then, the plaintiff, Sahm, knew that Long was illegally attempting to hold the farm against Mrs. Shaeffer, and he, with this knowledge, was aiding and abetting Long to hold it, and thus remain in possession, then, when he was put out, he was himself responsible, and he cannot make any claim against Long for damages. Such an agreement is against public policy, and cannot be enforced.” The verdict of the jury determines the fact to be that the plaintiff acted honestly in the transaction, and in good faith accepted the lease believing that the defendant had the right to enter into the agreement, without violating any right of a third party. The first and second questions involved must be determined adversely to the contention of the plaintiff.
The third question, as stated by appellant, involves the *435 effect to be given a receipt, or rather what purports to be a receipt. The defendant had recognized the right of the plaintiff to be compensated for the injury which he had sustained and had voluntarily paid him the sum of $500 by check. There was nothing upon the face of the check to indicate whether it was a payment upon account or in full. There appeared, however, upon the stub of the check remaining in the check book in the possession of the defendant, what was asserted by the defendant to be a receipt in full of all claim for damages arising from the dispossession. This stub was printed in the usual form, with the number of the check at the top, then the date, and below the word “to,” followed by a blank for the name of the party to whose order the check was made payable; the name of the plaintiff had been written in this blank, and below that the words “Rec. in full for dispossessing,” and then in figures ‘‘ $500.00.” The signature of the plaintiff, admittedly genuine, appeared on this stub. The plaintiff explicitly testified that the words “Rec. in full” were not there when he signed his name on the stub. The defendant testified, on the other hand, that the stub at the time the plaintiff signed it contained all that was thereon written when it was produced in court. This stub had been in the exclusive possession of the defendant from the time the plaintiff signed his name upon it until it was produced in court. There was an irreconcilable conflict of testimony as to whether the words which were vital to the effect of the receipt were there at the time the plaintiff signed it; the effect to be given the paper was, therefore, a question for the jury: Moore v. Robison, 47 Pa. Superior Ct. 72; Gregory v. Huslander, 227 Pa. 607. The court instructed the jury upon this point as follows: “If there is no interlineation, but the receipt is as Sahm signed it, you should not give the plaintiff any verdict, for he has then already settled all claims which he had before he brought this suit.” This instruction upon the point was certainly as favorable as the defendant was entitled to have.
The judgment is affirmed.