## Green *v.* Smith, Appellant.

*Appeals—Assignments of error—Evidence—Offer.*

Where an assignment of error complains of the action of the court in sustaining an objection to a single detached question insufficient in itself, and unaccompanied by an offer, there is nothing before the

appellate court by which it can determine whether the party asking the question had been injured, and the assignment will be overruled as insufficient in substance.

Argued Oct. 13, 1914.    Appeal, No. 79, Oct. T., 1914, by defendants, from judgment of C. P. No. 1, Phila. Co.; Sept. T., 1912, No. 4,180, on verdict for plaintiffs in case of James I. Green et al., trading as Matthew Addy & Company, v. G. Edward Smith and William H. Hansell, Copartners, trading as Smith & Hansell.    Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ..  Affirmed.

Assumpsit for goods sold and delivered.    Before BRÉGY, P. J.

Verdict and judgment for plaintiffs for $226.17.    Defendants appealed.

*Errors assigned* were in the following form:

1. The learned trial judge erred in sustaining the objection of the plaintiffs to the following question, asked of the defendant, William H. Hansell: "Q. Mr. Hansell, do you recall the dates of your payments under the first contract with Matthew Addy & Company?"

Objected to by Mr. Linn.   Objection sustained.   Exception for defendants.

2. The learned trial judge erred in sustaining the objection of the plaintiffs, and striking out the answer to the question asked of the defendant, William H. Hansell: "Q. Mr. Hansell, were you indebted to Matthew Addy & Company at the time the contract in this suit was made?   A. Yes, sir."

Objected to by Mr. Linn.   Objection sustained and answer ordered struck out. .Exception for the defendants.

3. The learned trial judge erred in sustaining the objection of the plaintiffs to the question asked of the defendant, William H. Hansell: "Q. This contract under which you purchased the iron on October 18, for future

delivery, that iron, I understand you to say, was to take the place of the four monthly deliveries that Matthew Addy & Company did not deliver?"

Objected to by Mr. Linn. Objection sustained. Exception for the defendants.

4. Because the court below erred in discharging the defendants' motion for new trial.

The defendants' motion and reasons for new trial were as follows:

And now, January 9, 1914, defendants move for a new trial, and assign the following reasons:

1. Because the verdict is against the evidence.

2. Because the verdict is against the weight of the evidence.

3. Because the verdict is against the law.

4. Because the learned trial judge erred in overruling the objection of the defendants to the photographs offered in evidence by the plaintiffs.

5. Because the learned trial judge erred in sustaining the objection of the plaintiffs to the following question, asked of the defendant, William H. Hansell: "Q. Mr. Hansell, do you recall the dates of your payments under the first contract with Matthew Addy & Company?"

Objected to by Mr. Linn. Objection sustained. Exception for defendants.

6. Because the learned trial judge erred in sustaining the objection of the plaintiffs, and striking out the answer to the question asked of the defendant, William H. Hansell: "Q. Mr. Hansell, were you indebted to Matthew Addy & Company at the time the contract in this suit was made? A. Yes, sir."

Objected to by Mr. Linn. Objection sustained and answer ordered struck out. Exception for the defendants.

7. Because the learned trial judge erred in sustaining the objection of the plaintiffs to the question asked of the defendant, William H. Hansell: "Q. This contract under which you purchased the iron on October 18, for future delivery, that iron, I understand you to say, was to

take the place of the four monthly deliveries that Matthew Addy & Company did not deliver?''

Objected to by Mr. Linn. Objection sustained. Exception for defendants.

PER CURIAM: Rule discharged.

*Bertram D. Rearick,* with him *Bernard A. Illoway,* for appellants.

*W. B. Linn,* with him *H. B. Gill,* for appellees.

OPINION BY HEAD, J., December 7, 1914:

The charge of the learned trial judge was so clear and satisfactory that appellant's counsel withdrew his prayers for special instructions and we have no assignment relating to the manner in which the case was finally submitted.

The first, second, fifth and sixth assignments may be disposed of together. Each complains of the action of the court in sustaining an objection to a single detached question put to the defendant by his counsel. The relevancy of the answers sought to be elicited in no way appears from the questions themselves. Manifestly in such cases counsel should place on the record an offer of the line of testimony intended to be introduced by the question objected to, with others to follow, so that the trial court, in the first instance, and the appellate court thereafter, may intelligently determine whether or not the objections were well taken. When it is remembered that after the final disposition of an appeal nothing remains in the records of the appellate court to support or vindicate its judgment save only the specifications of error, the necessity for adhering to the practice indicated becomes apparent. It is true in the present case the assignments are not defective in form because they do in fact embrace everything disclosed by the record that has any bearing on the ruling complained of. They could not then be properly

quashed because of the rule stated by our Brother MORRISON, in Pizzi v. Nardello, 23 Pa. Superior Ct. 535, following a line of cases there cited. But they are defective in substance in that the record which they embody furnishes no foundation for any determination by an appellate court that any harmful error, if error at all, had been committed. The principle, on which the courts have many times declared such assignments must be overruled, is fully reviewed and sustained in an opinion by President Judge RICE, in Feingold v. Katz, 43 Pa. Superior Ct. 333, citing the supporting line of cases. Following them we must overrule the first, second, fifth and sixth assignments.

The fourth assignment alleges error in the refusal of the court below to grant a new trial. The record presents no such unusual conditions as to warrant the exercise of the power of the appellate court in this respect: Belber Trunck, etc., Co. v. Silberblatt, 44 Pa. Superior Ct. 32.

The third and seventh specifications are duplicates and they are subject to the same criticism we have made of those first disposed of. There is nothing in the record before us to justify the idea that defendants, who had simply declined to pay what was plainly due under their contract, were in a position to go into a rising market and buy for future delivery at the expense of the plaintiffs.

A careful examination of the record has convinced us the case was well tried and the judgment should not be disturbed.

Judgment affirmed.