## Scott Township *versus* Montgomery.

1. Townships, like other municipalities, must keep their public roads in a safe condition.

2. If a public road through a township is so dangerous ·by reason of its proximity to a precipice that common prudence requires extra precaution, in order to secure safety to travellers, the township is bound to use such precaution and the omission to do so is negligence.

3. Although a township is not a corporation proper, such as a city or borough, nor invested with power to tax itself for road purposes beyond one per cent. on the county valuation, it is, nevertheless, bound to erect walls or barriers along the sides of its roads where they are unsafe.

4. In an action to recover damages from a township for injuries received by reason of the unsafe condition of one of its roads, the court instructed the jury " that if in view of all the evidence they find for the plaintiff, they should allow in estimating the damages not only for the direct expenses incurred by .the plaintiff by reason of the injury, but also for the privation and inconvenience he is subjected to, and for the pain and suffering he has already endured bodily and mentally, and which he is likely to experience, as well as the pecuniary loss he has sustained and is likely to sustain during the remainder of his life, from his disabled condition :" *Held,* that the measure of damages was correctly stated. Ohio Canal Co. *v.* Graham, 13 P. F. Smith 290, followed.

October 15th 1880.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ.   GREEN, J., absent.

Error to the Court of Common Pleas, No. 1, of *Allegheny county:* Of October and November Term 1880, No. 152.

Case by John M. Montgomery against the township of Scott, to recover damages for injuries sustained by plaintiff through the alleged negligence of defendant.

It appeared at the trial that on June 30th 1877, the plaintiff was driving in a buggy along a public road in the township of Scott, Allegheny county.   He was accompanied by his driver, and was driving as usual to the railroad station, when from some unknown cause his horse suddenly shied, and ran off the road and down the hillside, dragging with him the buggy and its occupants, and permanently injuring the plaintiff.   The road at the place where the accident occurred runs along a ridge.   On one side there is a fence enclosing a cultivated field, but; on the other side, down which the horse ran, is a precipitous decline of about forty feet, upon which side there was no fence or barrier.   The road was opened in 1836, and at the time of the accident was otherwise in good condition.

It also appeared that there are between thirty and forty miles of public roads in Scott township, which is a purely agricultural township ; and that fully one-fourth of all these roads are laid out along the sides of hill cuts and declivities, where, if they were required by law, barricades would have to be constructed to prevent possibility of accidents by driving or running off the roads.   That the part of Allegheny county, south of the Ohio and Monongahela rivers, including Scott township, is broken, uneven and very hilly,

[Scott Township v. Montgomery.]

and necessitates the laying out of the roads, as aforesaid, along hillsides and declivities; that Chartier creek and other watercourses run through it, leaving broken, deep ravines, through which the roads have to be made to secure proper grades; and that barriers or barricades have never been constructed along the roads when they were opened and constructed.

The plaintiff submitted, inter alia, the following points:

1. If the jury find that that part of the public road where the accident occurred was so dangerous by reason of its proximity to a precipice, that common prudence required extra precaution in order to secure safety to travellers, the township was bound to use such precaution, and the omission to do so was negligence.

Ans. "Affirmed as a general proposition."

7. If the jury, in view of all the evidence, find for the plaintiff, they should allow in estimating the damages, not only for the direct expenses incurred by the plaintiff by reason of the injury, but also for the privation and inconvenience he is subjected to, and for the pain and suffering he has already endured, bodily and mentally, and which he is likely to experience, as well as the pecuniary loss he has sustained, and is likely to sustain during the remainder of his life, from his disabled condition.

Affirmed.

The first point of defendant, with the answer of the court, Collier, A. L. J., was as follows:

1. That Scott township not being a corporation proper, such as a city or borough, nor invested with power to tax itself for road purposes, beyond one per centum on the county valuation, is not bound to erect walls or barriers along the sides of its roads.

Ans. "Refused and reserved."

Verdict for plaintiff for $7000, subject to the decision of the court on the point reserved.

The court subsequently entered judgment for the plaintiff on the reserved point, when defendant took this writ and alleged that the court erred in their answers to the above points, and in entering judgment for plaintiff on the reserved question.

*Miller & McBride, Malcolm Hay* and *W. D. Porter*, for plaintiff in error.—Whatever duties are incumbent upon townships in the matter of opening and repairing the public roads, are prescribed by the Act of June 13th 1836, Pamph. L. 555. There is no obligation thereunder to guard or barricade public roads. The statute does not require it as an element of original construction, and it is not required as repairs. In cases in which townships have been held liable, the facts show that the road bed itself was out of repair and not clear of impediments as the statute required. A very different measure of duty is imposed upon townships from that which is imposed upon cities and boroughs; the one being only a

[Scott Township *v.* Montgomery.]

*quasi* corporation with very limited powers and duties, and the others being corporations of vastly larger though differing powers, and having jurisdiction and control over their streets, enabling them to construct and supervise them much more efficiently and completely, and containing population and possessing means which impose larger responsibilities : Dillon on Mun. Corp., sects. 761, 762, 763, 786 ; Graffins *v.* Commonwealth, 3 P. & W. 504 ; Act of April 3d 1851, sect. 2, Pamph. L. 321 ; entitled " An Act regulating boroughs." This measure of duty is also recognised in Pittston *v.* Hart, 8 Norris 389 ; Perry Township *v.* John, 29 P. F. Smith 412. But apart from the question of liability in actions of negligence for mental suffering as distinguished from bodily suffering, the court below in its answer to the seventh point instructed the jury that they should allow in estimating the damages, * * * not only for the mental pain and suffering which the plaintiff had already endured, but also for that which he was likely to experience during the remainder of his life. This was giving the jury no rule of damages whatever, but leaving the whole matter of damages, without evidence, or possibility of evidence, on this subject to guide them, to their imagination.

*Weir & Gibson,* for defendant in error.—The laws which authorize and require the construction of streets and bridges in cities and boroughs impose like duties upon the city and borough authorities. The plain and obvious meaning and intent of these provisions are, that townships shall open the roads and build the bridges described in the act, and shall maintain and keep them in such condition and repair as may be necessary for the convenience and safety of the travelling public. Cities and boroughs are required to keep their streets and bridges in like manner. It makes no difference from what cause the unsafety arose, whether from the want of repairs to the bed of the road or street, or whether from the want of protection in case of close proximity to dangerous precipices.

The great question is, were they unsafe for travel at the time and place of the accident from any cause whatever ? If they were, and the city, borough or township in charge of them had the taxable ability to make them safe, it was their duty to do so. If the omission or failure to perform this duty caused injury to life, person or property, without fault on the part of the injured, this court and the courts of many of the other states of the Union have uniformly held such omission of duty to be negligence : Lower Macungie Township *v.* Merkhoffer, 21 P. F. Smith 276 ; Hay *v.* City of Philadelphia, 31 Id. 44 ; Rapho *v.* Moore, 18 Id. 404 ; Newton Township *v.* Davis, 27 Id. 317 ; Perry Township *v.* John, 29 Id. 412 ; Dean *v.* New Milford Township, 5 W. & S. 345 ; Erie City *v.* Schwingle, 10 Harris 384 ; Humphreys *v.* Armstrong County, 6 P. F. Smith 204 ; Dean *v.* City of Scranton, 2 W. N. C. 467 ;

[Scott Township v. Montgomery.]

Forks Township v. King, 3 Norris 230; Mahanoy Township v. Scholly, Id. 134; Borough of Pittston v. Hart, 8 Norris 389; Hyatt v. Rondout, 44 Barb. 386; Nicholas v. Brunswick, 3 Cliff. 81; Briton v. Cummington, 107 Mass. 347.

The complaint that damages were allowed for mental pain and suffering, whereas they should have been limited to bodily pain and suffering, is not well founded. The instruction is in strict accordance with the measure of damages laid down by this court in a number of similar cases: Pennsylvania and Ohio Canal Co. v. Graham, 13 P. F. Smith 290; McLaughlin v. City of Corry, 27 Id. 109. (See Union Township v. Gibboney, 13 Norris 534.—Rep.)

The judgment of the Supreme Court was entered October 25th 1880,

Per Curiam.—We think this case was rightly tried and submitted to the jury. Under the numerous decisions of this court on the liability of municipalities for injuries resulting from negligence in not having dangerous places on roads properly guarded, the learned judge could not have answered the points presented to him otherwise than he did. Many of these cases were cases of townships. We see nothing in the point made and reserved as to the taxable ability of the defendant. Judgment was rightly entered upon it for the plaintiff. The measure of damages was correctly stated: Pennsylvania and Ohio Canal Co. v. Graham, 13 P. F. Smith 290.

Judgment affirmed.