Henry W. Schenkel and Tischia Schenkel, his Wife, *v.* The Pittsburg & Birmingham Traction Company, Appellant.

*Negligence—Street railways—Province of court and jury.*

In an action against a street railway company for personal injuries, it appeared that at the time of the accident a disabled car was being pushed by another car behind it, and at a point where defendant's line was crossed by another line at right angles, the trolley pole of the disabled car jumped its own wire, struck and broke the wire of the cross line, and thus caused the accident. There was evidence that the proper course under such circumstances was to tie down the trolley pole of the disabled car, and that in this case the conductor was told by the conductor of the rear and operating car to do so, but that he refused or neglected to do so. *Held,* that the case was for the jury.

*Negligence—Damages—Compensation for pain and suffering.*

Pain and suffering are a distinct and separate item for which damages may be awarded by the jury as compensation. It is, however, compensation, not as a precise equivalent or valuation, nor compensation from a sentimental or benevolent standpoint, but such amount as will be the most reasonable approximation the circumstances admit to a pecuniary compensation not in the nature of things capable of exact measurement.

In an action for personal injuries a trial judge cannot be charged with error who says to the jury: "While you cannot undertake to pay her for the injury, for the pain and suffering, you have a right to take into consideration the fact that plaintiff's future life will be more or less affected by the pain and suffering incident to this accident, and for that she ought to have some allowance."

*Supreme Court—Practice—Grant of new trial—Excessive verdict—Act of May 20, 1891.*

The power of the Supreme Court to grant a new trial under the Act of May 20, 1891, P. L. 101, is exceptional in character and only to be exercised in very clear cases of wrong or injustice which the court below should have remedied.

Argued Oct. 31, 1899. Appeals, Nos. 149 and 150, Oct. T., 1899, by defendant, from judgment of C. P. No. 1, Allegheny Co., March Term, 1898, No. 346, on verdict for plaintiffs. Before GREEN, McCOLLUM, MITCHELL, DEAN, FELL and BROWN, JJ. Affirmed.

Trespass by husband and wife for personal injuries to the wife. Before STOWE, P. J.

At the trial it appeared that on June 28, 1897, Tischia Schenkel, forty-four years old, in good health, was struck in the face by the falling of a trolley wire while she was standing at a street corner. After the wire struck her she had convulsions most of the time for seven or eight weeks, after that one in two or three weeks, and some times one or two a week. The last convulsion was only a few days before the trial of the case.

None of the physicians on either side would undertake to say whether she would ever entirely recover or not.

The circumstances of the accident are stated in the opinion of the Supreme Court.

The court charged in part as follows:

[Now you come to the wife. Her services belong to her husband; he has to be paid for the loss of that. She cannot recover anything by reason of the fact that she is not able to work as she could before, because the husband gets paid for that. Yet it will not do to say that notwithstanding the fact that she is seriously injured, she is entitled to nothing. We will have to say to you that from the mere fact that she has suffered in the past, and, if her story satisfies you of its correctness, will suffer pain and inconvenience for a longer or a shorter time in the future, she is at least entitled to nominal damages for the injury that is done to her. In view of those facts you may take in consideration, and ought to take into consideration, the fact that her future life may be more or less annoyed and her happiness and enjoyment interfered with by reason of her physical condition, which prevents her from having those enjoyments that people in good health are accustomed to have, and ordinarily do have. While you cannot undertake to pay her for the injury, for the pain and suffering, you have a right to take into consideration the fact that her future life will be

more or less affected by the pain and suffering incident to this accident, and for that, she ought to have some allowance.] [2]

[The extent of the verdict depends upon your conclusion as. to the amount of damages that has been done to her, or in other words, to what extent that electricity getting upon her person has brought about the injury that is testified to, and apparently established by the testimony, as far as her condition is concerned. Having passed upon those matters and considered the case carefully, you will render just such verdicts as you may think proper under all the testimony.] [3]

The court refused binding instructions for defendant. [1]

Verdict and judgment for Henry W. Schenkel for $500, and for Tischia Schenkel for $2,000. Defendant appealed.

*Errors assigned* were (1–3) above instructions, quoting them; (4, 5) that the verdict was excessive and should have been set aside.

*A. W. Duff,* with him *H. E. Carmack* and *John S. Robb,* for appellant, cited on the question of damages : Goodhart v. Penna. R. Co., 177 Pa. 1; Baker v. Penna. R. Co., 142 Pa. 503.

As to excessive verdict, Smith v. Times Publishing Co., 178 Pa. 481.

*Henry A. Davis,* with him *William M. Galbraiths,* for appellee.

OPINION BY MR. JUSTICE MITCHELL, December 30, 1899 :

A disabled car was being pushed by another car behind it, and at Southern avenue where appellant's line was crossed by the Suburban Company at right angles, the trolley pole of the disabled car jumped its own wire, struck and broke the wire of the cross line, and thus caused the accident by which plaintiff was injured. There was testimony that the proper course under such circumstances was to tie down the trolley pole of the disabled car, and that in this case the conductor was told by the conductor of the rear and operating car to do so, but he refused or neglected. It was therefore clearly a case for the jury, and the court was right in refusing a peremptory instruction for defendant.

The second and third assignments of error are to the charge on the subject of damages for pain and suffering. The learned judge charged that the plaintiff, Mrs. Schenkel, "from the mere fact that she has suffered in the past, and, if her story satisfies you of its correctness, will suffer pain and inconvenience for a longer or shorter time in the future, is at least entitled to nominal damages for the injury that is done to her. In view of those facts you may take into consideration, and ought to take into consideration, the fact that her future life may be more or less annoyed, and her happiness and enjoyment interfered with, by reason of her physical condition which prevents her from having those enjoyments that people in good health are accustomed to have and ordinarily do have. While you cannot undertake to pay her for the injury, for the pain and suffering, you have a right to take into consideration the fact that her future life will be more or less affected by the pain and suffering incident to this accident, and for that she ought to have some allowance." It is claimed that this permitted the jury to give damages for pain and suffering "as a separate and distinct item," and that this is contrary to the rule laid down in Goodhart v. Penna. R. Co., 177 Pa. 1. But the objection is founded on a misapprehension of that decision. Pain and suffering are a distinct and separate item for which damages may be awarded by the jury, and are so classed in that case. "Damages for a personal injury consist of three principal items: first, the expense to which the injured person is subjected; . . . . second, the inconvenience and suffering naturally resulting from it; third, the loss of earning power," etc. The opinion then refers to Owens v. Peoples Pass. Ry. Co., 155 Pa. 334, where a charge, "If you find for the plaintiff he is entitled to recover such an amount as will compensate him for his pain and suffering," was held to be correct. In his opinion in Goodhart v. Penna. R. Co., our late Brother WILLIAMS was combating the erroneous practice which was beginning to appear, of suggesting to the jury as a measure of damages what amount of money they or any other third person would individually take to submit to an injury similar to the one before them. See Baker v. Penna. R. Co., 142 Pa. 503. In so doing he pointed out very clearly that pain and suffering are not capable of exact pecuniary measure, and can have no market price. He then said, "An instruction

that leaves the jury to regard it (pain) as an independent item of damages to be compensated by a sum of money that may be regarded as a pecuniary equivalent is not only inexact, but it is erroneous. The word 'compensation' in the phrase 'compensation for pain and suffering' is not to be understood as meaning price or value." The last part of this extract is the keynote of it. What the judge meant to condemn as error was not the consideration of pain and suffering as an independent item of damages, for that he had already said they were in the passage first quoted, supra, but that they were to be regarded as such item, having a fixed value or equivalent of a market price. In his desire to mark the distinction he suggests the word 'allowance' in place of 'compensation' for pain and suffering. But this was merely to make his meaning clear. Compensation is the established, appropriate, more exact and better word. It is however compensation, not as a precise equivalent or valuation nor compensation from a sentimental or benevolent standpoint, but such amount as will be the most reasonable approximation the circumstances admit to a pecuniary compensation not in the nature of things capable of exact measurement. In the present case the learned judge followed the uniform rule and the objections to his charge cannot be sustained.

The last assignment is that the court below erred in not setting aside the verdict as excessive. The power of this court to grant a new trial under the Act of May 20, 1891, P. L. 101, is exceptional in character, and only to be exercised in very clear cases of wrong or injustice which the court below should have remedied: Smith v. Times Co., 178 Pa. 481. There is nothing in this case to bring it within that rule.

Judgment affirmed.