# Benson *v.* Altoona & Logan Valley Electric Railway Company, Appellant.

*Negligence—Personal injuries—Evidence—Medical examination—Baring parts of the body.*

1. Where the plaintiff in an accident case has submitted to a private physical examination by three physicians representing the defendant, and they are prepared to give their testimony as to the marks upon the plaintiff's body, the latter will not be required to bare parts of his body for the examination of the jury.

*Practice, C. P.—Trial—Remarks of counsel.*

2. Where counsel makes no request for the withdrawal of a juror

because of an improper remark of his adversary, it will be assumed that he is satisfied with a warning given by the trial judge to the jury to disregard the objectionable remark.

*Negligence—Damages—Loss of earning power—Probability of life—Permanent injury—Evidence.*

3. On the trial of an accident case where the evidence tends to show a permanent loss of earning power by the plaintiff, and his health is discussed by numerous medical experts on each side, and it appears that before the accident he had been in good health, and that since the accident he had not been able to work, it is not error for the trial judge to tell the jury that they could "look at this man and determine on the weight of the evidence from his appearance and from the evidence how long he would be likely to live, and if his injuries are permanent, then he ought to be compensated for the loss of earning power."

4. While life tables are admissible in evidence, the probability of life can be shown in other ways.

*Negligence—Damages—Charge—Use of figures.*

5. While the use of figures by way of illustration in charging the jury as to a method of ascertaining the present value of a loss of future earnings is dangerous practice, yet such use is not a ground for reversal, if the judge tells the jury that he is only using the figures by way of illustration, and that he did not want them to think that he was figuring on any verdict, or that they indicated what he thought about the case.

6. On the trial of an accident case a trial judge cannot be convicted of error in saying that one is only bound to take such medical treatment as a man of ordinary prudence would be likely to undergo.

7. In a case to recover damages for personal injuries sustained in a railroad accident where the evidence shows that about five months after the accident the plaintiff was stricken with apoplexy and consequent paralysis and plaintiff's five medical experts testify that the accident was the cause of the paralysis and the defendant's six experts deny it, the case is for the jury, and the trial judge is not called upon to give any particular instructions on the subject of the weight of the evidence as he would be where there is a great preponderance of evidence on one side.

Argued April 21, 1910.   Appeal, No. 400, Jan. T., 1910, by defendant, from judgment of C. P. Blair Co., June T., 1907, No. 59, on verdict for plaintiff in case of Forrest W. Benson v. Altoona & Logan Valley Electric Railway Company.   Before BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ.   Affirmed.

Trespass to recover damages for personal injuries.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $3,200. Defendant appealed.

*Errors assigned* were (1–20) various rulings on evidence and instructions sufficiently set forth in the opinion of the Supreme Court.

*Thomas H. Greevy*, with him *E. G. Brotherlin*, for appellant.—Improper remarks of counsel are grounds for reversal: Holden v. R. R. Co., 169 Pa. 1; Fisher v. Pennsylvania Co.; 34 Pa. Superior Ct. 500; Wagner v. Hazle Twp., 215 Pa. 219; Saxton v. Rys. Co., 219 Pa. 492.

No mortality tables were offered in evidence in this case, nor was any evidence offered tending to show the probable longevity of plaintiff, his habits, liability to contract disease, his social conditions, etc. Such evidence is a prerequisite to the introduction of mortality tables; even then, they are not conclusive: Dooner v. Canal Co., 164 Pa. 17; Emery v. Philadelphia, 208 Pa. 492; Seifred v. R. R. Co., 206 Pa. 399.

A charge suggesting capitalization of the plaintiff's earnings and that a sum be given which will support him from year to year is erroneous, although the suggestion is only by way of illustration: Gregory v. N. Y., etc., R. R. Co., 55 Hun (N. Y.), 303.

It was the duty of the court under the facts in the case, to decide as a matter of law that the accident was not the proximate cause of the paralysis: Sallie v. New York City Ry. Co., 110 App. Div. 665; Douglass v. R. R. Co., 209 Pa. 128; West Mahanoy Twp. v. Watson, 116 Pa. 344; Hoag v. R. R. Co., 85 Pa. 293; Pennsylvania R. R. Co. v. Kerr, 62 Pa. 353; Thomas v. R. R. Co., 194 Pa. 511; Gudfelder v. Ry. Co., 207 Pa. 629.

*J. Banks Kurtz*, for appellee.—A judgment on a ver-

dict will not be reversed because of alleged improper and injurious remarks of counsel, where it appears that the verdict was not excessive, and that the court instructed the jury to disregard the objectionable remarks: Com. v. Sarves, 17 Pa. Superior Ct. 407.

The sixth assignment of error is a complaint by the appellant that no mortality tables were produced by the plaintiff. The production of mortality tables is entirely unnecessary: Steinbrunner v. Ry. Co., 146 Pa. 504; Omaha St. Ry. Co. v. Emminger, 77 N. W. Repr. 675; Louisville & Nashville R. R. Co. v. Williams, 20 Ind. App. 576; O'Neill v. Kinken, 8 N. Y. Supp. 554; Texas & Pac. Ry. Co. v. Davidson, 3 Tex. Civ. App. 542 (21 S. W. Repr. 68); Scott Twp. v. Montgomery, 95 Pa. 444; Wilson v. R. R. Co., 132 Pa. 27; Haines v. Pearson, 75 S. W. Repr. 194; Norfolk & Western Ry. Co. v. Phillips, 41 S. E. Repr. 726; Gulf, etc., Ry. Co. v. Compton, 13 S. W. Repr. 667; Emery v. Philadelphia, 208 Pa. 492.

OPINION BY MR. JUSTICE MOSCHZISKER, May 16, 1910:

The plaintiff, a married man twenty-one years of age, was injured while a passenger on one of the cars of the defendant company. About five months after the accident he was stricken with apoplexy which paralyzed his entire right side. The liability of the defendant was admitted, and the real controversy at the trial was as to whether the paralytic condition of the plaintiff was the result of the injuries received at the time of the accident or was due to a disease with which the defense claimed he was afflicted.

The first three assignments go to the refusal of the trial judge to compel the plaintiff to bare parts of his body for the examination of the jury. The plaintiff had submitted to a private physical examination by three physicians representing the defendant, and they were prepared to give their testimony as to the marks upon his body. An exhibition of this kind to an unlearned jury is apt to do more harm than good, and the trial

judge committed no error in refusing to order it in this case.

The fourth assignment has been withdrawn and need not be considered.

The fifth assignment covers certain alleged objectionable remarks made by counsel for the plaintiff in the presence of the jury. It is sufficient to say that no exception was taken to the final remark complained of, and the court warned the jury to disregard the others. Since counsel made no request for the withdrawal of a juror, it must be assumed that he was satisfied with this warning.

The sixth assignment complains that in the course of the charge the trial judge said: "There is no table of life probability adduced here in evidence, and I suppose counsel are afraid owing to the recent rulings of the Supreme Court to put in a life table, but it would be for you to look at this man and determine on the weight of the evidence from his appearance and from the evidence how long he would be likely to live, and if his injury is permanent, then he ought to be compensated for the loss of earning power and for any pain and suffering that the weight of the evidence shows he would endure in the future." While life tables are admissible in evidence, the probability of life can be shown in other ways. In answering a request the court told the jury that they should take into consideration the plaintiff's age, state of health, business habits, and manner of living. The suggestion that they might look at the plaintiff was expressly coupled with the instruction that their determination must rest upon the weight of the evidence in the case. The health of the plaintiff was discussed during the course of the trial by numerous medical experts on each side, and although the evidence on this subject was conflicting, there was considerable testimony to the effect that his injuries were permanent. There was also testimony that the plaintiff had enjoyed good health prior to the accident; that he had been a drug clerk at

a salary of $45.00 per month, which occupation he was obliged to discontinue for about one month after the accident, and that since his stroke he had not been able to work. If the jury believed the testimony of the plaintiff and that of his experts, they would have been justified in drawing the conclusion not only that he had been permanently injured, but that his earning capacity was entirely gone. The trial judge made no suggestion as to the time that the plaintiff would be likely to live, but left it to the jury to determine that question on all the evidence in the case; he expressly told them that they were to take the wages which the plaintiff was earning at the time of the accident as the outside value of his services, and gave them elaborate instructions as to the proper method of reducing the worth of future services to a present value. We see no merit in this assignment.

The seventh assignment is to the effect that the court below committed error in using figures by way of illustration in charging the jury as to how they were to get at the present value of the plaintiff's loss of future earnings. It is always better practice not to illustrate to a jury with figures, lest they may be misled into taking the particular figures as their guide in fixing the amount of the damages. But here the court said to the jury: "I do not want you for a moment to think that these figures that I am illustrating are any indication of what I think about this case. . . . I do not want in the least to indicate that I am figuring on any verdict. . . . I am simply illustrating the thought in my mind." After careful consideration we have concluded that in view of this warning it is not at all probable that any harm was done to the cause of the defendant.

In the eighth assignment the appellant suggests that the court below fell into error in affirming the plaintiff's seventh request: "If the jury find for the plaintiff they may allow him for expenses which have been actually paid or such as are reasonably necessary to be incurred.

Also damages for the pain and suffering plaintiff has undergone in the past and is likely to undergo in the future, and for permanent injury which the jury may deem plaintiff has suffered and will suffer in the future; and also the loss of earning power up to the present time and in the future consequent upon the injury sustained by the negligence of the company." When we consider the plaintiff's testimony and that of his medical witnesses together with the nature of his injuries, and look at this request in connection with the instruction given to the jury as to plaintiff's earning capacity and the reduction of the worth of future earnings to their present value, it is clear that no error was committed in affirming the point as drawn: Scott Twp. v. Montgomery, 95 Pa. 444; Schenkel v. Traction Co., 194 Pa. 182.

In assignments nine to twelve and fifteen to nineteen, inclusive, the appellant complains of the refusal to affirm certain of its requests for charge. Owing to the conflict in the testimony on all the matters covered by these requests, the court could not have answered them as desired by the appellant without usurping the function of the jury.

The thirteenth and fourteenth assignments find fault with the answers given to the defendant's sixth and seventh requests. These requests were properly refused since they put too great a burden upon the plaintiff. The trial judge rightly said that one is only bound to take such medical treatment as a man of ordinary prudence would be likely to undergo.

Lastly, it is contended that the whole charge is inadequate in several particulars. We do not so view it. No request was made for instructions on the subject of the weight of the evidence, and the case is not in that class where the preponderance of the evidence is so plainly on one side that such instructions would suggest themselves as essential to its just and adequate presentation. The plaintiff had five medical experts and the defendant six, and the testimony generally on the plain-

tiff's side was to the effect that the injuries received in the collision were the cause of the subsequent paralysis, while the defendant's witnesses attributed his condition to other causes.   Under the circumstances the jury were sufficiently instructed upon their duty in passing upon the interest and credibility of the witnesses.   The entire case was presented with care and impartiality, and it cannot justly be said that any of the issues were minimized.   During the course of the charge the trial judge repeatedly called attention to the question of the cause of the paralysis, and in denying the plaintiff's thirteenth request he went so far as to say pointedly that if the plaintiff had the disease attributed to him by the defense, this disease, and not the blow received in the collision, should be taken as the proximate cause of his present paralytic condition.

While it may be that we as jurymen would have reached a different conclusion, we cannot say after a careful reading of all the testimony that the evidence is insufficient to sustain the verdict rendered.

The assignments of error are all overruled and the judgment is affirmed.