## Blakley v. Pittsburgh Railways Co., Appellant.

*Negligence—Street railways—Infants—Damages—Pain and suffering—Charge—Case for jury.*

1. In an action of trespass to recover damages for personal injuries sustained by a boy through being struck by a trolley car upon a city street, the case was properly submitted to the jury where there was evidence that as the car approached the boy the bell was not rung and no other signal was given; that had the motorman been attending to his duties he could have seen the child approaching the track when the car was eighty or ninety feet from the place of the accident but that he did not apply the brakes until the car struck the boy.

2. In such a case it was held no error for the court to charge: "Suffering has not any market price but it is left to the good judgment and common sense of the jury to say to what amount the plaintiff should be compensated or what amount should be allowed for the pain and suffering he has endured, or may probably endure in the future. He is entitled to be compensated for whatever you would think would be fair under the circumstances."

Argued Oct. 24, 1913. Appeal, No. 122, Oct. T., 1913, by defendant, from judgment of C. P. Allegheny Co., May T., 1911, No. 224, on verdict for plaintiff in case of John Blakley, a minor, by his mother and next friend, Anna Blakley v. Pittsburgh Railways Company. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before HAYMAKER, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $5,000 and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were instructions to the jury referred to in the opinion of the Supreme Court, in refusing to direct a verdict for defendant and to enter judgment for defendant n. o. v.

*Walter M. Lindsay,* with him *Clarence Burleigh,* and *William A. Challener,* for appellant.

*Rody P. Marshall,* with him *Thomas M. Marshall,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, January 5, 1914:

The appellant company alleges the learned judge erred in refusing to withdraw the case from the jury and in that part of his charge relating to the measure of damages as to pain and suffering incident to the accident. There was ample evidence to warrant the court

in submitting the question of the defendant's negligence to the jury. The plaintiff and one of his witnesses testified that as the car approached the boy the bell was not rung and no other signal was given. It is clear from the testimony that had the motorman been attending to his duties he could have seen the child in time to prevent the accident. Pherson, one of the witnesses, was sitting on the front platform of the car which injured the boy, and he testified that he saw the boy leaving the south curb of Eighth avenue when the car reached the eastern side of Dickson street which is about eighty or ninety feet from the place of the accident, that the boy proceeded diagonally across Eighth avenue in the direction of Tammany alley and was struck on the westbound track. He says the gong was not sounded and that the motorman did not apply the brakes until the car struck the boy. He was corroborated by at least one other witness as to the failure of the motorman to sound the gong. The accident happened about noon of a bright day when the sun was shining, and if the evidence was credible the motorman could have seen the boy in time to prevent the collision. At all events the question of the motorman's negligence was for the jury.

We fail to see any error in the court's charge on the subject of damages for pain and suffering. The ground on which the appellant asks the assignment to be sustained is that the learned court erred in not warning the jury not to allow excessive compensation for this element of damages; in other words, the jury were not cautioned that the compensation to be allowed for this element of damages must be reasonable. This objection is not well taken. The learned court in this part of his charge dealing with the subject of compensation for pain and suffering followed very closely what was said by this court in Schenkel v. Traction Co., 194 Pa. 182. The judge charged inter alia as follows: "It (suffering) has not any market price, but it is left to the good judgment and common sense of the jury to say to what amount

the plaintiff should be compensated, or what amount should be allowed for the pain and suffering he has endured, or may probably endure in the future.......He is entitled to be compensated for that, whatever you think would be fair under the circumstances." There is no reason for assuming that the jury, under the language of the charge, allowed excessive or unreasonable compensation for pain and suffering.

The judgment is affirmed.