Court of Appeals for Hamilton County.

THE CINCINNATI CAR COMPANY V. CHRIS SNYDER.

Decided, May 3, 1915.

*Trial—Argument on Motion for an Instructed Verdict—Followed by Motion for Withdrawal of a Juror and a Continuance— And Still Later by the Granting of a Motion to Dismiss Without Prejudice— Final Order—Discretion of Court.*

1. The withdrawal of a juror and granting of a motion to continue the cause, after a motion to instruct the jury to return a verdict for the defendant had been argued in part but before it had been submitted to the court or any intimation had been given as to what its decision would be, is not an order affecting a substantial right, and a proceeding in error based thereon does not lie.
2. The right to dismiss without prejudice exists up to final submission of the cause to the court or jury, and dismissal at the time it was granted in the present case was within the discretion of the court, and was not prejudicial to the rights of the defendant whose motion for an.instructed verdict was as yet undetermined.

*George H. Warrington* and *Robert S. Marx,* for plaintiff in error.

*Littleford, James, Ballard & Frost,* contra.

GORMAN, J.

This was an action to recover damages for personal injuries claimed by defendant in error to have been sustained by reason of the negligent acts of his employer, the plaintiff in error. On the trial in the court of common pleas, at the close of plaintiff's evidence and when he had rested his case, the defendant moved the court to instruct the jury to return a verdict for defendant; and after the motion had been partly argued and before the court had announced any decision thereon, plaintiff moved that a juror be withdrawn and the cause be continued, which motion was granted, to which action of the court defendant excepted.

Thereupon an entry was made upon the journal ordering a juror to be withdrawn and the cause continued at the cost of the plaintiff. To all of which the defendant excepted. The jury was discharged from further consideration of the cause. The motion to instruct the jury to return a verdict for defendant was never disposed of. Within three days a motion was filed by the defendant to set aside this continuance and for a judgment on the pleadings and the evidence. This motion, so far as appears from the record, has never been passed upon.

A bill of exceptions was taken and filed, embodying all the evidence adduced; and it appears from statements in the bill of exceptions that all the jurors, the parties and their counsel, were present and able to proceed with the hearing of the cause when the court withdrew a juror and continued the case; that defendant did not consent to this action of the court, but objected and excepted thereto, and insisted upon the court passing upon the motion to instruct the jury to return a verdict in its favor, and that it was ready, and willing, and anxious to proceed with the hearing of the cause if the motion should be overruled.

On April 3, 1914, four and one-half months after the date of the entry withdrawing a juror and continuing the case, plaintiff on his own motion and by leave of court voluntarily dismissed his action, without prejudice, at his own costs. To all of which the defendant excepted.

This is the last entry on the journal.

The bill of exceptions, original papers and a transcript of the docket and journal entries are filed in this court with a petition in error, and this court is now asked to reverse said judgment of dismissal without prejudice, and that a judgment dismissing plaintiff's action be entered in this court.

Numerous grounds or error are set out in the petition in error, but the chief errors relied upon are: the failure of the trial court to grant defendant's motion to instruct a verdict for defendant; the granting of plaintiff's motion to withdraw a juror and continue the case; the refusal of the court to grant defendant's motion to set aside the entry withdrawing a juror; and the granting of permission to plaintiff to dismiss his action without prejudice.

The error is prosecuted to the entry dismissing the action without prejudice. This, it is claimed, is a final order and error may be prosecuted thereto. Ordinarily plaintiff has the right, under favor of Section 11586, General Code, to dismiss his action without prejudice to a future action, provided he does so before its final submission to the jury or to the court when the trial is by the court. In such a case, although the entry of dismissal be considered a final order, no error lies to the dismissal because no prejudice results to the defendant from such a judgment, but it is only when the final order or judgment is prejudicial to the complaining party will a reviewing court reverse the judgment or order however erroneous it may be.

The majority of the court are of the opinion that the entry of dismissal in this case is not a final order entitling the defendant below to prosecute error therefrom, for the reason that the dismissal of the cause without the court passing upon its motion to instruct the jury to return a verdict in its favor was not prejudicial to it.

A final order, as defined in Section 12258, General Code, which may be vacated, modified or reversed, is:

"An order affecting a substantial right in an action, when in effect it determines the action and prevents a judgment," etc.

This entry of dismissal undoubtedly determined this action below; and it is claimed by plaintiff in error that it prevented a judgment in its favor.

This contention of the plaintiff in error that the dismissal prevented a judgment in its favor, we think is an unwarranted assumption on its part; *non constat* but that the trial court would have overruled the motion of defendant for an instructed verdict, and on the final submission of the case to the jury a verdict might have been retured in favor of plaintiff and a judgment entered thereon. The record does not disclose how the trial court would have ruled. Reference is made to an opinion of the trial court announced some time after the case was dismissed by plaintiff without prejudice, and what purports to be a copy of this opinion is attached to a supplemental petition in error filed by plaintiff in error, but this opinion is no part of the record,

nor is the language of the court found embodied any place in the record. We can not consider this opinion as a part of the record. It purports to be a decision on the motion to set aside the entry withdrawing a juror and for judgment in favor of defendant and granting leave to plaintiff to dismiss his action without prejudice. There are no journal entries as to any matters passed upon in this opinion except the entry of dismissal without prejudice. We are not at liberty to presume or assume, in the absence of any record to that effect, that the defendant would have had an instructed verdict but for the withdrawal of a juror and the dismissal of the cause without prejudice.

The only cause of complaint which plaintiff in error can fairly make, by reason of the court's actions in withdrawing a juror, and later in allowing plaintiff to dismiss without prejudice, is that it may be put to the additional cost, expense, trouble and time of defending another action brought by plaintiff; but this would be as probable if plaintiff had dismissed without prejudice at the close of his case before a motion had been made by defendant for an instructed verdict.

It is claimed that the court had no right to withdraw a juror and continue the case after the jury had been impaneled and the case had proceeded to trial, except by consent of parties, or because of sickness of a juror, or accident or calamity, or after the jurors have been kept together until it satisfactorly appears that there is no probability of their agreeing, and Sections 11453 and 11454, General Code, and the case of *Rau* v. *Risiden,* 11 C.C. (N.S.), 255, are cited in support of this contention.

We are of the opinion that Section 11453 does not embrace all the cases in which a continuance may be had after the commencement of a jury trial, nor does the code prohibit the practice of withdrawing a juror and continuing a cause when in the opinion of the court justice requires this to be done. This practice has been resorted to from time immemorial, not only in this state but in many other states, and in the federal courts as well as in the courts of Great Britain and her colonies.

"Withdrawing a juror: A fiction to which the court may resort when it appears that owing to some accident or surprise, de-

fect of proof, unexpected and difficult questions of law, or like reason, a trial can not proceed without injustice to a party.'' Cyc. Vol. 40, p. 2126.

''The withdrawal of a juror by direction or leave of court produces a mistrial and effects a continuance; and it is error when a party had been permitted to withdraw a juror, to enter judgment against him on the merits.'' Cyc. Vol. 38, p. 1593; *Planer* v. *Smith,* 40 Wis., 31.

In the above case the court, after granting plaintiff's motion to withdraw a juror, dismissed the plaintiff's action and gave judgment for defendant, instead of continuing the case; and it was held that this was error, and that the only judgment which could have been properly entered was a non-suit, which would not be a bar to another action for the same cause; in other words, a dismissal without prejudice.

'' A motion to withdraw a juror must be based on matters occurring at the trial; the granting of the motion being in the discretion of the court, which discretion is subject to review only in cases of abuse.'' Abbott's Civil Jury Trials, 3d. Ed., pp. 487 to 494 inclusive; *Schofield* v. *Settley,* 31 Ill., 515; *Huntington* v. *Toledo, St. L. & W. R. R. Co·,* 99 C. C. A., 157; *Benson* v. *Altoona & L. Ry. Co.,* 228 Pa. St., 290; *Adler* v. *Lesser,* 110 N. Y. Sup., 196; *Morrison* v. *Hendenberg,* 138 Ill., 22; and many other cases that might be cited.

A juror may be withdrawn where it is necessary to prevent the defeat of justice. *Wolcott* v. *Studebaker,* 34 Fed., 8.

In the case at bar the plaintiff's counsel asked leave to file an amended petition, which we think the court might and should have granted, but because of the objection of counsel for the defendant, the court held that he had no right to grant leave to file the amended petition. It was then that counsel for plaintiff asked and obtained leave to withdraw a juror and continue the case, manifestly for the purpose of more fully preparing plaintiff's case and amending the pleadings. This we think the court had the discretion to permit. *Miller* v. *Metzfer,* 16 Ill., 390; *Messenger* v. *Fourth Nat. Bk.,* 6 Daly, 190.

We are of the opinion that, under the circumstances shown by the record in this case, the court did not abuse its discretion

in permitting a juror to be withdrawn and a continuance of the case.

The case of *Rau* v. *Risiden,* 11 C.C.(N.S.), 255, which denied the right of the trial court to discharge the jury in a civil action during the trial, unless based on the finding of some necessity therefor, or upon consent of parties, was overruled by the Supreme Court without report, because the order was not a final one within the meaning of the statute. *Rau* v. *Risiden,* 81 O. S., 538.

In any event, the effect of withdrawing a juror operated merely as a continuance of the case; the order was not a final one; it rested in the sound discretion of the court, and no abuse of discretion is shown by the record; no judgment had then been pronounced in defendant's favor; nor, as we view the record, can it be said that defendant was entitled to an instructed verdict; at least the trial court has never so declared. No prejudice resulted to plaintiff in error because of this action of the court.

As to the dismissal of plaintiff's case without prejudice at the time it was done, we hold that the plaintiff had the ri to do so up to the time the case was finally submitted either to the court or jury. A motion had been made to instruct the jury for defendant and this motion was partly argued; but while being argued, and before submission to the court, and before any intimation had been given by the court as to how he would rule thereon, and before any announcement was made of the court's decision on this motion, the plaintiff dismissed his action without prejudice. In fact, the court, on the record, has not yet passed upon that motion to instruct. This is one of the grounds of complaint by plaintiff in error that the court has not yet granted its motion or given a judgment in its favor.

The cases of *Turner* v. *Pope Motor Car Co.,* 79 O. S., 153, and *L. S. E. Ry. Co.* v. *Sanders,* 19 C.C.(N.S.), 21, are distinguishable from the instant case in that, in both of these cases it was sought to dismiss the plaintiff's action after a motion for an instructed verdict for defendant had been made, argued decided, and granted by the court. The request in each of these cases to dismiss without prejudice came too late—after

the court had announced its opinion and after final submission to the court—whereas under the statute, Section 11586, General Code, the right to dismiss without prejudice exists only up to the time of final submission. As was said by Judge Price, in the case of *Turner* v. *Pope, etc., supra,* at pages 167-168:

"We again say that the finding and judgment of the court on the motion is the determining authority, and the directed verdict is in compliance with the forms of practice."

See also *Bee Bldg. Co.* v. *Dalton,* 68 Neb., 38; *Morrissey* v. *R'y Co.,* 80 Ia., 314.

There being no errors in the record prejudicial to plaintiff in error, the judgment of the court of common pleas dismissing the plaintiff's action without prejudice is affirmed.

JONES (Oliver B.), J., concurs in judgment of affirmance.


JONES (E. H.), P. J.:

Acting under authority of Section 11586, General Code, plaintiff below dismissed his action "before its final submission to the jury." There had been no decision upon the motion for an instructed verdict, nor had any opinion been formed or expressed by the trial judge. Under these conditions plaintiff had the right to dismiss "without prejudice," and the authorities relied upon by counsel for plaintiff in error do not fit this case. There is no order or judgment of which he may complain in a court of review, and no showing by the record that a judgment in his favor was prevented or forestalled by the dismissal.

The petition herein contains the necessary jurisdictional averment in a proceeding such as this, to-wit:   ·

"A final order was made by said court of common pleas determining said action and preventing a judgment therein."

This must mean that a judgment for plaintiff in error was prevented by the voluntary dismissal of the action by plaintiff below. There is nothing in the record to support this averment.

Hence plaintiff in error was not hurt by the order complained of. It was not deprived of any right nor was it the victim of any wrong, and it can not be heard to complain in a court of error.

The petition in error should therefore be dismissed.