# Dorety v. Horrocks, Appellant.

*Negligence—Master and servant—Safe place to work—Concurrent negligence of fellow servant.*

Where a workman, whose work requires him to pass along a passageway seven feet wide and one hundred and fifty feet long, sees a barrel rolling rapidly down grade towards him from a side passageway, and in order to avoid the barrel he jumps to one side and falls into a hole where a plank had been removed from the passageway, without his knowledge, he may recover damages from his employer for the injury which he sustained. He is entitled to have a reasonably safe place in which to perform his work.

In such a case the defendant cannot claim exemption from liability on the ground that the barrel had been negligently started down the side passageway by a fellow servant of the plaintiff.

An innocent third person cannot be deprived of his remedy because an injury resulted from the concurrent negligence of another person.

*Negligence—Damages—Earnings.*

In a negligence case it is not reversible error for the court to charge that the plaintiff might recover "any amount of earnings that he had lost by reason of his failure to work on account of the accident," if it appears that there was no reference to future earnings at the trial, and the size of the verdict does not indicate that the jury included any. The language of the charge might have been more explicit, and the defendant should have requested fuller instructions at the trial if he so desired.

In such a case it is not reversible error for the court to charge that it is for the jury to determine as to what is a reasonable sum to be paid the plaintiff "for the pain and suffering, remembering that it must be compensation and not speculation or anything of that kind, and that the rule of law, as given to us by the Supreme Court, is that such sum must be a reasonable sum."

Argued Nov. 2, 1916. Appeal, No. 204, Oct. T., 1916, by defendants, from judgment of Municipal Court, Philadelphia Co., March T., 1916, No. 42, on verdict for plaintiff in case of Joseph Dorety v. J. Howard Horrocks and Charles M. Horrocks, Copartners trading as Horrocks & Brothers. Before Orlady, P. J., Porter, Henderson, Head, Kephart, Trexler and Williams, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before GILPIN, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $759.50. Defendant appealed.

*Errors assigned,* among others, were in refusing binding instructions for defendants, and portions of charge quoted in the opinion of the Superior Court.

*Benjamin O. Frick,* for appellants.—The charge on the question of damages for pain and suffering was error: Goodhart v. Penna. R. R. Co., 177 Pa. 1; Todd v. Philadelphia Traction Co., 192 Pa. 587; Beck v. B. & O. R. R. Co, 233 Pa. 344; McLane v. Pittsburgh Rys. Co., 230 Pa. 29; Wilkinson v. Northeast Borough, 215 Pa. 486.

There was no evidence of negligence on the part of the defendants and binding instructions should have been given for the defendants: Montgomery v. Rowe, 239 Pa. 321; Spees v. Boggs, 198 Pa. 112; Mixter v. Imperial Coal Co., 152 Pa. 395; Miller v. American Bridge Co., 216 Pa. 559; King v. McClure, 222 Pa. 625; O'Neal v. Clydesdale Stone Co., 207 Pa. 378; Folk v. Schaeffer, 180 Pa. 613.

*Joseph R. Embery,* for appellee.

OPINION BY TREXLER, J., March 9, 1917:

The plaintiff worked for the defendant and on the day in question, whilst on his master's business, was going from one part of the works to another. He passed along a passageway some seven feet wide and some 150 feet long, and when he came to another passageway opening at right angles into the one he was traversing, he saw a barrel rolling rapidly down grade toward him. In order to avoid the barrel he jumped to one side and fell into a hole four feet deep at the side of the passageway, where

a plank some twelve feet long and twelve inches wide had been taken up for the purpose of removing snow, and sustained the injuries of which he complains.

There was evidence to show that the plank had been removed with the knowledge of the defendants; that it was customary to remove the plank in order to get rid of the snow on the pathway, and that plaintiff knew nothing of the danger arising from the open space in the walk. Considering the circumstances surrounding the accident we think there was sufficient in the case to take the matter to the jury. The plaintiff was entitled to have a reasonably safe place in which to perform his work. The testimony failed to disclose who it was that sent the barrel down the incline. It was the usual method employed in taking barrels from one part of the works to another. Defendants testified that about one hundred barrels were thus removed each year. The defendants contend that the barrel presumably being started on its course by a fellow servant, that it was his negligence which caused the accident. If the removal of the plank was negligence, the fact, as appellants claim, that the act of a fellow servant contributed to the happening of the accident, would not relieve the defendants. As was said in Wood v. Penna. R. R., 177 Pa. 306, quoted in Siever v. Pgh., C., C. & St. L. Ry., 252 Pa. 1, "an innocent third person cannot be deprived of his remedy because injury resulted from the concurrent negligence of two others." The court was right in not giving binding instructions to the effect that the negligence of a fellow servant was the proximate cause of the accident. Furthermore, if the act of the employees in rolling the barrel down was done with the knowledge and consent of the master, the court properly said the act became that of the employer. In any view of the case the questions involved were for the jury.

Apart from the question of negligence the appellants complain of a number of alleged errors by the judge in the trial of the case. The judge charged as follows:

"He (plaintiff) would be entitled to recover at your hands any amount of earnings that he lost by reason of his failure to work on account of the accident." This, appellants claim, opened the door to the jury to give compensation for the loss of future earnings. There was no reference made to such earnings at the trial and the size of the verdict does not indicate that the jury included any. The language of the learned trial judge might have been more explicit on this subject but both parties seemed satisfied with it and neither requested fuller instructions to be given. The attention of the trial judge should have been directed to the omission at the time of the trial. There is nothing inherently wrong in the part of the charge above quoted and the only criticism that can be offered is that it is not as full as it might be. It is too late now to raise the question: First National Bank v. Delone, 254 Pa. 409 (414).

Another criticism directed against the charge is that the court submitted to the jury as a separate item of damages the pain and suffering that the plaintiff endured by reason of the accident. We quote from the charge: "You know, gentlemen of the jury, that it is impossible for me to tell you in dollars and cents how you are to estimate it but that is a matter for you to determine as to what is a reasonable sum to be paid to him for the pain and suffering, remembering that it must be compensation and not speculation or anything of that kind, and that the rule of law, as given to us by the Supreme Court, is that such sum must be a reasonable sum." Appellants rely upon the case of Goodhart v. Penna. Railroad Company, 177 Pa. 1. In that case it was held that an instruction that leaves the jury to regard pain as an independent item of damages to be compensated by a sum of money that may be regarded as a pecuniary equivalent is not only inexact but it is erroneous. Schenkel v. Traction Company, 194 Pa. 182, shows that the purpose of the opinion in the Goodhardt case was to prevent the establishment of a standard of damages for pain which was

to be measured by what .a third person would be willing to take in order to submit to it. The portion of the charge complained of does not differ materially from that approved in the case of Blakley v. Pittsburgh Railways Company, 243 Pa. 250.

The assignments of error are overruled and the judgment is affirmed.