## Bittenbender Company v. Bergen.

*Promissory notes — Notice of dishonor — Certificate of protest — Mailing certificate—Evidence—Negotiable Instruments Act of May 16, 1901.*

1. In an action by the holder of a promissory note against the payee, who was the endorser of the note, where the sole defence is the alleged failure of the plaintiff to give notice of dishonor to the defendant, a verdict for the plaintiff will be sustained where the evidence is that plaintiff received two notarial certificates of protest by mail, under one cover, a day or two after the date of protest, and on the same day deposited in the mail one of them in an envelope properly stamped and addressed to the defendant.

2. In such case, under the Act of May 16, 1901, P. L. 194, evidence merely tending to show non-receipt of the certificate is inadmissible.

*Practice, C. P.—Trial—Inadvertence in charge—Duty of counsel.*

3. Where the trial judge is guilty of an inadvertence in his charge, it is the duty of counsel to call his attention to it at the time.

Motion for new trial. C. P. Schuylkill Co., Sept. T., 1921, No. 127.

*R. R. Koch,* for plaintiff.

*John F. Whalen* and *J. F. Mahoney,* for defendant.

BERGER, J., May 15, 1922.—The Bittenbender Company, the plaintiff, a corporation with its place of business at Scranton, Pa., obtained a verdict against the defendant, Thomas D. Bergen, in an action on a note made by Walter Smalley for $2000, payable to Thomas D. Bergen, at the Corn Exchange National Bank of Philadelphia, Aug. 20, 1919. The note came into plaintiff's hands before maturity by the defendant's endorsement. He admitted in the pleadings and during the course of. the trial that lawful demand for payment at maturity was made, payment refused, and protest made, as is set forth in a copy of the certificate of protest attached to the plaintiff's statement of claim, made part thereof and marked Exhibit "B." The sole defence was the alleged failure of the plaintiff to give notice of dishonor to the defendant. A motion for a new trial and for judgment n. o. v. have been filed by the defendant. The determination of the questions raised by the motion for a new trial will control the disposition of both motions.

To establish notice of dishonor, the plaintiff offered in evidence the notarial certificate of protest. It also introduced the testimony of C. J. Mitzel, its secretary-treasurer, that he had received two certificates of protest by mail, under one cover, a day or two after Aug. 20th, the date of protest, and that he, on the day of the receipt of the letter containing the certificates of protest, deposited in a public mail-box, in the City of Scranton, a letter properly stamped, addressed to Thomas D. Bergen, Pottsville, Pa., containing one of the certificates of protest which he had received. The defendant admittedly had a well-known place of business and residence at the corner of Centre and Union Streets, in the City of Pottsville, where his mail was regularly delivered.

The 2nd section of the Act of Dec. 14, 1854, P. L. (1855) 724, makes the certificate of protest of a notary public, certified according to law, *prima facie* evidence of the facts therein certified, which in the present case are: presentation of the note when it matured at the Corn Exchange National Bank of Philadelphia for payment, non-payment and protest, and that notice of dishonor was given to the endorsers. In Zollner v. Moffitt, 222 Pa. 644, 652, the question determined was whether the presumption arising from the averment in the certificate of protest that notice of dishonor was given the endorser, the defendant in that case, had been met and overcome by him by the introduction of the testimony of the notary public that she had no present recollection whether she sent or gave such notice to the endorser. In speaking of the evidentiary effect of the notarial certificate, Mestrezat, J. (page 649) said: "If there is nothing in contradiction (of the certificate), it is conclusive of what it contains;" and to overcome that effect, since section 96 of the Negotiable Instruments Law, Act of May 16, 1901, P. L. 194, permits notice of dishonor to be given either orally or by writing, he further said (page 651): "It, therefore, logically follows that to meet the allegation of notice as contained in the certificate of protest, . . . the defendant was compelled to show that he had not received notice which had been served personally or through the mails." In Zollner v. Moffitt, 222 Pa. 644, 652, the plaintiff had introduced no testimony of the actual deposit in the mail of a letter properly addressed to the endorser containing a certificate of protest. In the instant case, as is hereinabove set forth, C. J. Mitzel, the secretary-treasurer of the plaintiff, gave such testimony.

The defendant filed five reasons in support of his motion for a new trial, which he subsequently supplemented by eleven more. The first and fifth original reasons are that the verdict is: (1) Against the evidence; and (2)

2 D. & C.

against the weight of the evidence. These reasons require no discussion. The second original reason is that the verdict is against the law. The disposition of this reason depends upon the disposition to be made of the third original reason, which is that the trial judge erred in his rulings rejecting the defendant's offers of testimony, and the fourth original reason, that he also erred in his charge to the jury.

The errors alleged to have been made in sustaining the plaintiff's objections to the defendant's offers of testimony are specified in the supplemental reasons for a new trial, 1 to 7, inclusive. The witnesses whose testimony was rejected were Thomas D. Bergen, the defendant, and John J. Bergen, his brother, who had charge of his office. It was proposed to prove by Thomas D. Bergen, the defendant, that he had received no copy of the certificate of protest, either by mail or otherwise, from C. J. Mitzel, the secretary-treasurer of the plaintiff, who testified that he had regularly deposited such a certificate of protest in the mail, or from the notary public, or from the Bittenbender Company: this for the purpose (1) of contradicting C. J. Mitzel that he had mailed the letter containing a copy of the certificate of protest; and (2) for the further purpose of contradicting the certificate of the notary public, alleging that due notice of dishonor was given to the endorsers. It was further proposed—supplementary reasons 6 and 7—to prove by John J. Bergen that he was in the employ of his brother, the defendant, in charge of his office and office correspondence, during the months of August and September, 1919, and that he knew that no certificate of protest was received from the Bittenbender Company by mail: this for the purpose (1) of contradicting C. J. Mitzel, plaintiff's secretary-treasurer, that he had properly mailed such a certificate; and (2) of contradicting the averment of the certificate of protest that the notary had given the endorsers due notice of dishonor.

The plaintiff, as has already been shown, sought to establish notice of dishonor by two methods: (1) By the introduction of the certificate of protest and its probative force under the Act of 1854; and (2) by the testimony of C. J. Mitzel, plaintiff's secretary-treasurer, that he had regularly mailed a certificate of protest to the defendant, and the probative force arising from such testimony by virtue of section 105 of the Negotiable Instruments Law. A reference to the record in First National Bank of Hanover v. Delone, 254 Pa. 409, will disclose that in that case both the notarial certificate of protest and the notary's testimony that he had deposited in the mails a letter properly addressed to the defendant containing a copy of the certificate of protest, were also relied on to establish notice of dishonor; and the defendant's offer to show that he did not receive notice of dishonor was excluded when made for the purpose of relieving him from his liability as endorser, as well as when made for the colorable purpose of discrediting the notary's testimony relative to the deposit of the letter in the mail.

The fact that the Bittenbender Company received two certificates of protest is not inconsistent with the certificate of the notary that he duly notified the endorsers of the dishonor of the note directly by a properly addressed letter containing notice of dishonor, deposited in the mail, addressed to defendant, or by actual delivery of a written notice to the defendant, or by giving notice orally. The testimony of Mitzel, that he properly deposited a letter in the mail, addressed to the defendant, containing a certificate of protest, has, in our opinion, precisely the same effect as if the notary issuing the certificate had so testified. Therefore, no error seems to have been committed in the rulings, excluding the defendant's offers of testimony, to which refer-

ence has been made. For the same reason, no error was committed by charging the jury in the language of which complaint is made in the eighth supplemental reason for a new trial.

For the purpose of contradicting the testimony of Mitzel, that he had regularly mailed a certificate of protest to the defendant Aug. 21st or 22nd, a letter written by him to the defendant Oct. 2nd, demanding payment of the note, in which he stated that defendant's attention had not theretofore been directed to the non-payment and protest of the Smalley note, was offered by the defendant and admitted. On this point the jury was instructed (ninth supplemental reason for a new trial), if they were, nevertheless, satisfied by the weight and fair preponderance of all the evidence that Mitzel had mailed the letter as he had testified, then the presumption that Bergen had received the letter would arise, and he could not rebut that presumption by evidence merely tending to establish or establishing its non-receipt. In so charging, the correct effect was given to section 105 of the Negotiable Instruments Act, which provides: "Where notice of dishonor is duly addressed and deposited in the post-office, the sender is deemed to have given due notice, notwithstanding any miscarriage in the mails." See Zollner v. Moffitt, 222 Pa. 644; First National Bank of Hanover v. Delone, 254 Pa. 409.

The tenth supplemental reason for a new trial is based on an excerpt from the charge, as follows: "Take all the evidence then, ladies and gentlemen of the jury, bearing in mind that the certificate of protest is *prima facie* evidence that the notice of protest was properly and lawfully mailed to Bergen, and if you are satisfied by the weight and fair preponderance of all the evidence in the case that the notice was mailed, then it is your duty to render a verdict for the sum of Two thousand dollars, with interest from Aug. 20, 1919, and protest fees."

It is true, as a general proposition of law, that a certificate of protest is *prima facie* evidence only that notice of dishonor was given either by mail or otherwise. If this rule was violated by the instruction of which complaint is made (and it must be kept in mind that the notarial certificate was unimpeached), it was the duty of defendant's counsel to direct the attention of the trial judge to the inadvertence immediately. "A party may not sit silent and take chances on the verdict, and, if adverse, afterwards complain of language employed in the charge which could have been immediately corrected if attention had been directed thereto at the time:" First National Bank of Hanover v. Delone, 254 Pa. 409; Dorety v. Horrocks, 65 Pa. Superior Ct. 572, 575. At the conclusion of the charge the trial judge said: "Is there anything omitted or anything further you wish me to make reference to?" Nevertheless, nothing was said by defendant's counsel, and a mere general exception to the charge was taken. In such cases only basic and fundamental errors imperatively calling for reversal will be considered: Mackowski et ux. v. Philadelphia Rapid Transit Co., 265 Pa. 34, 36. Had the defendant established that no notice of dishonor was received from the notary public directly, either orally or in writing, the evidentiary effect of the notarial certificate would then, nevertheless, have given rise to the presumption that such notice had been given by mail.

Another theory of the defence is that the fact that the plaintiff received two certificates of protest in one letter, though it was not shown by whom that letter was mailed, was sufficient to overcome the effect of the notary's certificate as *prima facie* evidence of notice. In support of this theory, the defendant contended that the receipt of two certificates of protest in the mail by the plaintiff was conclusive that the notary gave no notice of dishonor to the

defendant in any other way. The second point for charge, which was refused, was drawn on this theory (eleventh supplemental reason for a new trial). There is no merit in this contention. For the reasons stated, all the reasons filed in support of the motion for a new trial are dismissed, and the motions for a new trial and for judgment n. o. v. must be overruled.

And now, May 15, 1922, motion for a new trial overruled and motion for judgment n. o. v. discharged. The prothonotary is directed to enter judgment upon the verdict in favor of the plaintiff and against the defendant upon payment of the jury fee.

From M. M. Burke, Shenandoah, Pa.